Charles J. Harder (*pro hac vice* to be filed)
Dilan A. Esper (*pro hac vice* to be filed)
Jordan Susman (*pro hac vice* to be filed)
HARDER LLP
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, California 90067
Telephone: (424) 203-1600
E-mail: CHarder@harderllp.com
         DEsper@harderllp.com
         JSusman@harderllp.com

Attorneys for Petitioner Scottsdale Capital Advisors, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| *In re Matter of:* | Case No. |
| Scottsdale Capital Advisors, Inc. an Arizona corporation, | **NOTICE OF MOTION AND MOTION TO ENFORCE SUBPOENA IN ARBITRATION & REQUEST FOR CONTEMPT SANCTIONS** |
| Claimant, v. | |
| Eric Miller, | |
| Respondent. | |
| FINRA Arbitration no.: 17-01765 | |
| Scottsdale Capital Advisors, Inc. an Arizona corporation, | |
| Petitioner, v. | |
| Financial Industry Regulatory Authority, Inc., | |
| Respondent. | |

{00092730;1}

4813-5331-3371

Petitioner Scottsdale Capital Advisors, Inc. ("SCA") submits the following petition to enforce a subpoena issued to the Financial Industry Regulatory Authority, Inc. ("FINRA").

1. This petition seeks enforcement of a subpoena issued to FINRA in the matter of the arbitration of *Scottsdale Capital Advisors, Inc. v. Eric Miller*, case no. 17-01765 (the "Arizona Arbitration"). The Arizona Arbitration is pending before the FINRA Office of Dispute Resolution with all panelists residing in the State of Arizona.

2. On three separate occasions, SCA contacted FINRA and attempted to meet and confer regarding the subpoena and related order compelling FINRA's compliance that were issued by the Arizona Arbitration panel. FINRA failed and refused to respond to SCA, forcing SCA to bring this petition.

## JURISDICTION & LEGAL AUTHORITY

3. Pursuant to Section 7 of the Federal Arbitration Act (FAA), this Court has authority to enforce a subpoena issued by an arbitration panel. 9 USC § 7 of the FAA provides:

> [I]f any person(s) so summoned to testify shall refuse or neglect to obey said summons, upon petition to the United States District Court for the district in which such arbitrators, or a majority of them are sitting may compel the attendance of such person(s) before the arbitrator or arbitrators or punish said person(s) for contempt in the same manner provided by law for securing the attendance of witnesses or their punishment for neglect or refusal to attend in the courts of the United States.

4. All three of the arbitrators in the Arizona Arbitration are sitting in the District of Arizona.

5. FINRA has previously acknowledged that it is subject to general jurisdiction in Arizona. (Exh. 1, pg. 11; Exh. 2, pg. 5). In addition, the Arizona Arbitration panel has held that it has jurisdiction over FINRA. (Exh. 3).

{00092730;1}

- 2 -

4813-5331-3371

**PROCEDURAL HISTORY**

6. The Arizona Arbitration arises from a former employee's efforts to destroy SCA by illegally sharing confidential information and making false statements to FINRA and the press.

7. On March 23, 2018, SCA filed an unopposed motion to issue a subpoena to FINRA. (Exh. 4).

8. On April 4, 2018, the Arizona Arbitration Panel issued a subpoena (the "Subpoena") to FINRA, which was then personally served upon FINRA. (Exh. 5).

9. Instead of complying with the Subpoena, on April 16, 2018, FINRA served objections to it. (Exh. 6).

8. On April 25, 2018, SCA filed a Motion to Compel FINRA's Compliance with the Subpoena. (Exh. 7).

9. On May 1, 2018, the Arizona Arbitration Panel ordered FINRA to immediately produce certain documents responsive to the Subpoena (the "May 1 Order"). (Exh. 3). FINRA failed and refused to comply with the Arbitration Panel's order.

10. On May 8, 2018, the Arizona Arbitration Panel ordered FINRA to appear as a witness in the Arizona Arbitration (the "May 8 Order") (Exh. 8).

**FINRA REFUSES TO COMPLY WITH THE ARBITRATION PANEL'S ORDER, OR EVEN MEET & CONFER**

11. On May 17, 2018, SCA sent the May 1 Order and the May 8 Order to FINRA via email and U.S. Mail, and requested that FINRA provide responsive documents and contact SCA to arrange its testimony by May 25, 2018. (Exh. 9). FINRA failed and refused to respond to SCA's request.

12. On May 29, 2018, SCA sent to FINRA via email a follow-up request that it respond to the May 1 Order and the May 8 Order by May 31, 2018. (Exh. 10). FINRA failed and refused to respond to SCA's request

13. In an abundance of caution, on June 7, 2018, SCA personally delivered a final meet and confer request to FINRA regarding its obligations under the May 1 Order

{00092730;1}

- 3 -

4813-5331-3371

1  and the May 8 Order and requested a response by June 11, 2018.  SCA warned FINRA
2  that it would move to compel compliance and seek sanctions against it.  (Exh. 11).
3  FINRA failed and refused to respond to SCA's request.

**REQUEST FOR ENFORCEMENT OF SUBPOENA & CONTEMPT SANCTIONS**

5       12.  Pursuant to the above-quoted provisions of the Federal Arbitration Act,
6  SCA seeks enforcement of the Subpoena by this Court and accordingly requests the
7  following:

8       a.  Order FINRA to respond to the Subpoena issued in the Arizona Arbitration,
9  and provide all responsive documents forthwith, pursuant to Federal Rule of Civil
10  Procedure 45.

11       b.  Order FINRA to appear at the Arizona Arbitration pursuant to Federal Rule
12  of Civil Procedure 45.

13       c.  Sanction FINRA for contempt pursuant to Federal Rule of Civil Procedure
14  45 for its failure to comply with the Subpoena and the May 1 Order and the May 8 Order.
15  FINRA has "fail[ed] without adequate excuse to obey the subpoena [and] order[s] related
16  to it." Fed. R. Civ. Proc. 45(g).  FINRA should, at a minimum, reimburse SCA for the
17  attorney's fees it incurred with bringing this motion and the earlier motion to compel
18  before the Arizona Arbitration panel.  *See Fid. Nat. Fin., Inc. v. Friedman*, No. 03-1222
19  PHX RCB, 2007 WL 446134, at *4 (D. Ariz. Feb. 7, 2007).

DATED this 14th day of June 2018.

          HARDER LLP

          By: /s/ Jordan Susman

          Charles J. Harder
          Dilan A. Esper
          Jordan Susman
          HARDER LLP
          132 S. Rodeo Drive, Fourth Floor
          Beverly Hills, California 90212

          Attorneys for Petitioner

{00092730;1}