**Exhibit 2**

George Brandon (No. 017947) george.brandon@squirepb.com
Gregory A. Davis (No. 025976) gregory.davis@squirepb.com
Gregory S. Schneider (No. 029660) gregory.schneider@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
One East Washington Street, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 528-4000
Facsimile: (602) 253-8129
Attorneys for Defendants Financial Industry Regulatory Authority, Inc.
and Scott M. Andersen

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John J. Hurry and Justine Hurry, as husband and wife; Investment Services Corporation, an Arizona corporation, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Financial Industry Regulatory Authority, Inc., a Delaware corporation, Scott M. Andersen, a natural person, et al., <br><br> Defendants. | Case No. 14-cv-02490-PHX-ROS <br><br> **ANSWER OF FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC. AND SCOTT ANDERSEN TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |

Defendants Financial Industry Regulatory Authority, Inc. ("FINRA") and Scott Andersen, for their answer to plaintiffs' second amended complaint ("complaint") [Doc. # 71], state:

1.     FINRA and Andersen deny the allegations in paragraph 1 of plaintiffs' complaint.

2.     FINRA and Andersen admit that the Hurrys operate companies that are FINRA members, including Scottsdale Capital Advisors Corporation and Alpine Securities Corporation.  FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 2 of plaintiffs' complaint.

3.     FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3 of plaintiffs' complaint.

4.     FINRA and Andersen deny the allegations in paragraph 4 of plaintiffs' complaint.

5.     FINRA and Andersen deny the allegations in paragraph 5 of plaintiffs' complaint.

6.     FINRA and Andersen deny the allegations in paragraph 6 of plaintiffs' complaint.

7.     FINRA and Andersen deny the allegations in paragraph 7 of plaintiffs' complaint.

8.     FINRA and Andersen admit that John Hurry is a natural person.  FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 8 of plaintiffs' complaint.

9.     FINRA and Andersen admit that Justine Hurry is a natural person.  FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 9 of plaintiffs' complaint.

10.     FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 of plaintiffs' complaint.

11.     FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 of plaintiffs' complaint.

12.     FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 of plaintiffs' complaint.

13.     FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 of plaintiffs' complaint.

14.     FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 of plaintiffs' complaint.

15.     FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 of plaintiffs' complaint.

16.     FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 of plaintiffs' complaint.

17.     FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 of plaintiffs' complaint.

18.     FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 of plaintiffs' complaint.

19.     FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 of plaintiffs' complaint.

20.     FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 of plaintiffs' complaint.

21.     FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 of plaintiffs' complaint.

22.     FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 of plaintiffs' complaint.

23.     FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 of plaintiffs' complaint.

24.     FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 of plaintiffs' complaint.

25.     FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 of plaintiffs' complaint.

26.     FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 of plaintiffs' complaint.

27.     FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27 of plaintiffs' complaint.

28.     FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28 of plaintiffs' complaint.

29.     FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 of plaintiffs' complaint.

30.     FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30 of plaintiffs' complaint.

31.     FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 of plaintiffs' complaint.

32.     FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 of plaintiffs' complaint.

33.     FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33 of plaintiffs' complaint.

34.     FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34 of plaintiffs' complaint.

35.     FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 of plaintiffs' complaint.

36.     FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36 of plaintiffs' complaint.

37.     FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 of plaintiffs' complaint.

38.     FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 of plaintiffs' complaint.

39.     FINRA and Andersen admit the allegations in paragraph 39 of plaintiffs' complaint.

40.     FINRA and Andersen admit that FINRA is a self-regulatory organization that has regulatory authority delegated by Congress through the Securities Exchange Act of 1934.  FINRA and Andersen deny the remaining allegations in paragraph 40 of plaintiffs' complaint.

41.     FINRA and Andersen admit that Andersen is a natural person who previously was employed by FINRA.  FINRA and Andersen deny the remaining allegations in paragraph 41 of plaintiffs' complaint.

42.     FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42 of plaintiffs' complaint.

43.     FINRA and Andersen deny the allegations in paragraph 43 of plaintiffs' complaint.

44.     FINRA and Andersen deny the allegations in paragraph 44 of plaintiffs' complaint.

45.     FINRA and Andersen deny the allegations in paragraph 45 of plaintiffs'

complaint.

46.    FINRA and Andersen deny the allegations in paragraph 46 of plaintiffs' complaint.

47.    FINRA and Andersen admit that this Court has jurisdiction over plaintiffs' claims.

48.    FINRA and Andersen admit that this Court has jurisdiction over the parties.

49.    FINRA and Andersen admit that this Court has jurisdiction over the parties.

50.    FINRA and Andersen admit that this Court is the proper venue for the resolution of plaintiffs' claims.

51.    FINRA and Andersen incorporate the foregoing responses as if fully set forth herein.

52.    FINRA and Andersen deny the allegations in paragraph 52 of plaintiffs' complaint.

53.    FINRA and Andersen deny the allegations in paragraph 53 of plaintiffs' complaint.

54.    FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 54 of plaintiffs' complaint.

55.    FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55 of plaintiffs' complaint.

56.    FINRA and Andersen admit that Scottsdale Partners is not a FINRA member.  FINRA and Andersen deny that Scottsdale Partners is not associated with a FINRA member.  FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 56 of plaintiffs' complaint.

57.    FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 57 of plaintiffs' complaint.

58.    FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 58 of plaintiffs' complaint.

59.    FINRA and Andersen admit that in November 2012 Scottsdale Capital Advisors Corporation had offices at the Scottsdale Professional Plaza.  FINRA and

Andersen lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 59 of plaintiffs' complaint.

60.     FINRA and Andersen admit the allegations in paragraph 60 of plaintiffs' complaint.

61.     FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 61 of plaintiffs' complaint.

62.     FINRA and Andersen deny that they were at all times on notice of the alleged location of Investment Services Corporation's offices.  FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 62 of plaintiffs' complaint.

63.     FINRA and Andersen admit that Investment Services Corporation is not a FINRA member.  FINRA and Andersen deny that Investment Services Corporation is not associated with a FINRA member, and they also deny the remaining allegations in paragraph 63 of plaintiffs' complaint.

64.     FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 64 of plaintiffs' complaint.

65.     FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65 of plaintiffs' complaint.

66.     FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 66 of plaintiffs' complaint.

67.     FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 67 of plaintiffs' complaint.

68.     FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68 of plaintiffs' complaint.

69.     FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 69 of plaintiffs' complaint.

70.     FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 70 of plaintiffs' complaint.

71.     FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 71 of plaintiffs' complaint.

72.    FINRA and Andersen admit the allegations in paragraph 72 of plaintiffs' complaint.

73.    FINRA and Andersen admit that FINRA's November 12, 2012 on-site investigation was unannounced. FINRA and Andersen deny the remaining allegations in paragraph 73 of plaintiffs' complaint.

74.    FINRA and Andersen deny the allegations in paragraph 74 of plaintiffs' complaint.

75.    FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 75 of plaintiffs' complaint.

76.    FINRA and Andersen admit the allegations in paragraph 76 of plaintiffs' complaint.

77.    FINRA and Andersen admit the allegations in paragraph 77 of plaintiffs' complaint. Scottsdale Capital Advisors, John Hurry, and others were charged in FINRA Matter No. 2014041724601.

78.    FINRA and Andersen admit the allegations in paragraph 78 of plaintiffs' complaint.

79.    FINRA and Andersen admit that a Rule 8210 Request was presented to an employee of Scottsdale Capital Advisors during the November 12, 2012 on-site investigation. FINRA and Andersen deny that the allegations in paragraph 79 of plaintiffs' complaint accurately reflect the contents of the Rule 8210 Request. FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 79 of plaintiffs' complaint.

80.    FINRA and Andersen admit that one Rule 8210 Request has been issued to John Hurry regarding FINRA Matter No. 20120327319. FINRA and Andersen deny that the allegations in paragraph 80 of plaintiffs' complaint accurately reflect the contents of that Rule 8210 Request, and they also deny the remaining allegations in paragraph 80 of plaintiffs' complaint.

81.    FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 81 of plaintiffs' complaint.

82.    FINRA and Andersen lack knowledge or information sufficient to form a

1   belief about the truth of the allegations in paragraph 82 of plaintiffs' complaint.

2       83.    FINRA and Andersen lack knowledge or information sufficient to form a

3   belief about the truth of the allegations in paragraph 83 of plaintiffs' complaint.

4       84.    FINRA and Andersen deny that the allegations in paragraph 84 of plaintiffs'

5   complaint accurately reflect the contents of the Rule 8210 Request issued by FINRA, and

6   they also deny the remaining allegations in paragraph 84 of plaintiffs' complaint.

7       85.    FINRA and Andersen deny that the allegations in paragraph 85 of plaintiffs'

8   complaint accurately reflect the contents of the Rule 8210 Request issued by FINRA, and

9   they also deny the remaining allegations in paragraph 85 of plaintiffs' complaint.

10      86.    FINRA and Andersen deny that the allegations in paragraph 86 of plaintiffs'

11  complaint accurately reflect the contents of the Rule 8210 Request issued by FINRA, and

12  they also deny the remaining allegations in paragraph 86 of plaintiffs' complaint.

13      87.    FINRA and Andersen deny that the allegations in paragraph 87 of plaintiffs'

14  complaint accurately reflect the contents of the so-called "privilege letter," and they also

    deny the remaining allegations in paragraph 87 of plaintiffs' complaint.

15      88.    FINRA and Andersen admit that Investment Services Corporation is not a

16  FINRA member.  FINRA and Andersen deny the remaining allegations in paragraph 88 of

17  plaintiffs' complaint.

18      89.    FINRA and Andersen deny the allegations in paragraph 89 of plaintiffs'

19  complaint.

20      90.    FINRA and Andersen deny the allegations in paragraph 90 of plaintiffs'

21  complaint.

22      91.    FINRA and Andersen deny that their conduct during the November 12,

23  2012 on-site investigation was improper.  FINRA and Andersen lack knowledge or

24  information sufficient to form a belief about the truth of the remaining allegations in

25  paragraph 91 of plaintiffs' complaint.

26      92.    FINRA and Andersen deny the allegations in paragraph 92 of plaintiffs'

27  complaint.

28      93.    FINRA and Andersen deny the allegations in paragraph 93 of plaintiffs'

    complaint.

94.     FINRA and Andersen deny the allegations in paragraph 94 of plaintiffs' complaint.

95.     FINRA and Andersen admit that receiving a Wells Notice is a reportable event on a FINRA member's Form U4.  FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 95 of plaintiffs' complaint.

96.     FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 96 of plaintiffs' complaint.

97.     FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 97 of plaintiffs' complaint.

98.     FINRA and Andersen deny the allegations in paragraph 98 of plaintiffs' complaint.

99.     FINRA and Andersen deny the allegations in paragraph 99 of plaintiffs' complaint.

100.    FINRA and Andersen deny the allegations in paragraph 100 of plaintiffs' complaint.

101.    FINRA and Andersen admit the hard drives of computers located at the Scottsdale Professional Plaza were copied.  FINRA and Andersen deny the remaining allegations in paragraph 101 of plaintiffs' complaint.

102.    FINRA and Andersen deny the allegations in paragraph 102 of plaintiffs' complaint.

103.    FINRA and Andersen deny the allegations in paragraph 103 of plaintiffs' complaint.

104.    FINRA and Andersen deny the allegations in paragraph 104 of plaintiffs' complaint.

105.    FINRA and Andersen deny the allegations in paragraph 105 of plaintiffs' complaint.

106.    FINRA and Andersen admit that the Hurrys demanded that FINRA not review any material maintained in the copied computers.  FINRA and Andersen deny the remaining allegations in paragraph 106 of plaintiffs' complaint.

107.   FINRA and Andersen deny the allegations in paragraph 107 of plaintiffs' complaint.

108.   FINRA and Andersen deny the allegations in paragraph 108 of plaintiffs' complaint.

109.   FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 109 of plaintiffs' complaint.

110.   FINRA and Andersen deny the allegations in paragraph 110 of plaintiffs' complaint.

111.   FINRA and Andersen admit safeguards are utilized to avoid review of attorney-client privileged information.  FINRA and Andersen deny the remaining allegations in paragraph 111 of plaintiffs' complaint.

112.   FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 112 of plaintiffs' complaint.

113.   FINRA and Andersen admit that the Hurrys were invited to provide search terms.  FINRA and Andersen deny the remaining allegations in paragraph 113 of plaintiffs' complaint.

114.   FINRA and Andersen deny the allegations in paragraph 114 of plaintiffs' complaint.

115.   FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 115 of plaintiffs' complaint.

116.   FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 116 of plaintiffs' complaint.

117.   FINRA and Andersen deny the allegations in paragraph 117 of plaintiffs' complaint.

118.   FINRA and Andersen deny the allegations in paragraph 118 of plaintiffs' complaint.

119.   FINRA and Andersen admit that the Hurrys provided a list of search terms. FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 119 of plaintiffs' complaint.

120.   FINRA and Andersen admit that the search terms identified in paragraph

120 of plaintiffs' complaint were provided by the Hurrys.  FINRA and Andersen admit that some of the search terms provided by the Hurrys were rejected as being overbroad and not reasonably tailored to only target purportedly privileged material.  FINRA and Andersen deny the remaining allegations in paragraph 120 of plaintiffs' complaint.

121.   FINRA and Andersen admit that the search terms identified in paragraph 121 of plaintiffs' complaint were provided by the Hurrys.  FINRA and Andersen admit that some of the search terms provided by the Hurrys were rejected as being overbroad and not reasonably tailored to only target purportedly privileged material.  FINRA and Andersen deny the remaining allegations in paragraph 121 of plaintiffs' complaint.

122.   FINRA and Andersen  admit that "ice cream" was a search term proposed by the Hurrys.  FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 122 of plaintiffs' complaint.

123.   FINRA and Andersen deny the allegations in paragraph 123 of plaintiffs' complaint.

124.   FINRA and Andersen deny the allegations in paragraph 124 of plaintiffs' complaint.

125.   FINRA and Andersen deny that the Hurrys have been cooperative.  FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 125 of plaintiffs' complaint.

126.   FINRA and Andersen admit that the Hurrys proposed that the Hurrys self-perform FINRA's investigation.  FINRA and Andersen deny the remaining allegations in paragraph 126 of plaintiffs' complaint.

127.   FINRA and Andersen admit that the Hurrys proposed that a third party perform FINRA's investigation.  FINRA and Andersen deny the remaining allegations in paragraph 127 of plaintiffs' complaint.

128.   FINRA and Andersen admit that FINRA did not agree to allow the Hurrys or a third party to perform FINRA's investigation for it.  FINRA and Andersen deny the remaining allegations in paragraph 128 of plaintiffs' complaint.

129.   FINRA and Andersen deny the allegations in paragraph 129 of plaintiffs'

complaint.

130.   FINRA and Andersen deny the allegations in paragraph 130 of plaintiffs' complaint.

131.   FINRA and Andersen deny the allegations in paragraph 131 of plaintiffs' complaint.

132.   FINRA and Andersen deny the allegations in paragraph 132 of plaintiffs' complaint.

133.   FINRA and Andersen admit that on February 27, 2013 the Hurrys demanded that FINRA cease its investigation.  FINRA and Andersen deny that the allegations in paragraph 133 of plaintiffs' complaint accurately reflect the contents of the Hurrys' demand, and they also deny the remaining allegations in paragraph 133 of plaintiffs' complaint.

134.   FINRA and Andersen deny that the allegations in paragraph 134 of plaintiffs' complaint accurately reflect the contents of communications between FINRA and the Hurrys regarding FINRA's investigation, and they also deny the remaining allegations in paragraph 134 of plaintiffs' complaint.

135.   FINRA and Andersen admit that the Hurrys caused Investment Services Corporation to file a lawsuit on March 8, 2013.  FINRA and Andersen deny that the allegations in paragraph 135 of plaintiffs' complaint accurately reflects the contents of the complaint filed in that lawsuit, and they also deny the remaining allegations in paragraph 135 of plaintiffs' complaint.

136.   FINRA and Andersen admit that the complaint in the March 8, 2013 lawsuit was never served.  FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 136 of plaintiffs' complaint.

137.   FINRA and Andersen deny the allegations in paragraph 137 of plaintiffs' complaint.

138.   FINRA and Andersen deny the allegations in paragraph 139 of plaintiffs' complaint.

139.   FINRA and Andersen deny the allegations in paragraph 139 of plaintiffs'

complaint.

140.   FINRA and Andersen admit that on December 20, 2012 Alpine Securities Corporation filed an application with FINRA.  FINRA and Andersen deny that the allegations in paragraph 140 of plaintiffs' complaint accurately reflect the contents of that application, and they also deny the remaining allegations in paragraph 140 of plaintiffs' complaint.

141.   FINRA and Andersen deny the allegations in paragraph 141 of plaintiffs' complaint.

142.   FINRA and Andersen deny that the allegations in paragraph 142 of plaintiffs' complaint accurately reflect the communications between FINRA and the Hurrys regarding the application of Alpine Securities Corporation.  FINRA and Andersen deny that they harassed the Hurrys or invaded their privacy, and they also deny the remaining allegations in paragraph 142 of plaintiffs' complaint.

143.   FINRA and Andersen deny that the allegations in paragraph 143 of plaintiffs' complaint accurately reflect the contents of documents the Hurrys provided FINRA regarding the application of Alpine Securities Corporation, and they also deny the remaining allegations in paragraph 143 of plaintiffs' complaint.

144.   FINRA and Andersen deny the allegations in paragraph 144 of plaintiffs' complaint.

145.   FINRA and Andersen admit that the application of Alpine Securities Corporation was initially denied.  FINRA and Andersen deny the remaining allegations in paragraph 145 of plaintiffs' complaint.

146.   FINRA and Andersen deny the allegations in paragraph 146 of plaintiffs' complaint.

147.   FINRA and Andersen deny the allegations in paragraph 147 of plaintiffs' complaint.

148.   FINRA and Andersen deny prompting the Nevada Secretary of State's Securities Division to issue subpoenas on the Hurrys or their businesses.  FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 148 of plaintiffs' complaint.

149.    FINRA and Andersen admit that FINRA conducted on-the-record interviews of persons associated with the Hurrys and their businesses.  FINRA and Andersen deny the remaining allegations in paragraph 149 of plaintiffs' complaint.

150.    FINRA and Andersen deny the allegations in paragraph 150 of plaintiffs' complaint.

151.    FINRA and Andersen deny the allegations in paragraph 151 of plaintiffs' complaint.

152.    FINRA and Andersen deny making any "false insinuations" during the course of FINRA's on-the-record interviews of persons associated with the Hurrys and their businesses.  FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 152 of plaintiffs' complaint.

153.    FINRA and Andersen deny that the allegations in paragraph 153 of plaintiffs' complaint accurately reflect the contents of Andersen's June 25, 2013 communication with the Hurrys, and they also deny the remaining allegations in paragraph 153 of plaintiffs' complaint.

154.    FINRA and Andersen admit that the Hurrys objected to FINRA reviewing information contained on the copied computers.  FINRA and Andersen deny the remaining allegations in paragraph 154 of plaintiffs' complaint.

155.    FINRA and Andersen deny the allegations in paragraph 155 of plaintiffs' complaint.

156.    FINRA and Andersen deny the allegations in paragraph 156 of plaintiffs' complaint.

157.    FINRA and Andersen deny that the allegations in paragraph 157 of plaintiffs' complaint accurately reflect the contents of the Rule 8210 Request, and they also deny the remaining allegations in paragraph 157 of plaintiffs' complaint.

158.    FINRA and Andersen deny that the allegations in paragraph 158 of plaintiffs' complaint accurately reflect the contents of FINRA's on-the-record interviews of persons associated with the Hurrys and their businesses.

159.    FINRA and Andersen deny that Andersen ever threatened the Hurrys.

FINRA and Andersen deny that the allegations in paragraph 159 of plaintiffs' complaint accurately reflect the contents of the Hurrys' June 26, 2013 correspondence, and they also deny the remaining allegations in paragraph 159 of plaintiffs' complaint.

160.    FINRA and Andersen deny the allegations in paragraph 160 of plaintiffs' complaint.

161.    FINRA and Andersen deny that Andersen ever threatened the Hurrys. FINRA and Andersen deny that the allegations in paragraph 161 of plaintiffs' complaint accurately reflect the contents of the June 27, 2013 correspondence, and they also deny the remaining allegations in paragraph 161 of plaintiffs' complaint.

162.    FINRA and Andersen deny the allegations in paragraph 162 of plaintiffs' complaint.

163.    FINRA and Andersen deny the allegations in paragraph 163 of plaintiffs' complaint.

164.    FINRA and Andersen deny the allegations in paragraph 164 of plaintiffs' complaint.

165.    FINRA and Andersen deny that they falsely accused the Hurrys of anything. FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 165 of plaintiffs' complaint.

166.    FINRA and Andersen deny the allegations in paragraph 166 of plaintiffs' complaint.

167.    FINRA and Andersen deny the allegations in paragraph 167 of plaintiffs' complaint.

168.    FINRA and Andersen deny the allegations in paragraph 168 of plaintiffs' complaint.

169.    FINRA and Andersen admit that FINRA conducted an on-the-record interview of John Hurry on September 19, 2013.

170.    FINRA and Andersen deny that the allegations in paragraph 170 of plaintiffs' complaint accurately reflect the contents of FINRA's on-the-record interview of John Hurry, and they also deny the remaining allegations in paragraph 170 of plaintiffs' complaint.

171.   FINRA and Andersen admit that Rule 8210 Requests were presented to the Hurrys on October 7 and October 18, 2013.  FINRA and Andersen deny that the allegations in paragraph 171 of plaintiffs' complaint accurately reflect the contents of the Rule 8210 Requests, and they also deny the remaining allegations in paragraph 171 of plaintiffs' complaint.

172.   FINRA and Andersen deny the allegations in paragraph 172 of plaintiffs' complaint.

173.   FINRA and Andersen deny the allegations in paragraph 173 of plaintiffs' complaint.

174.   FINRA and Andersen admit that the Hurrys provided some redacted documents to FINRA.  FINRA and Andersen deny the remaining allegations in paragraph 174 of plaintiffs' complaint.

175.   FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 175 of plaintiffs' complaint.

176.   FINRA and Andersen deny the allegations in paragraph 176 of plaintiffs' complaint.

177.   FINRA and Andersen deny the allegations in paragraph 177 of plaintiffs' complaint.

178.   FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 178 of plaintiffs' complaint.

179.   FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 179 of plaintiffs' complaint.

180.   FINRA and Andersen deny that the allegations in paragraph 180 of plaintiffs' complaint accurately reflect the contents of news articles written by Mr. Meagher.  FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 180 of plaintiffs' complaint.

181.   FINRA and Andersen admit that Mr. Andersen was present at all on-the-record interviews taken as part of FINRA Matter No. 20120327319.  FINRA and Andersen deny the remaining allegations in paragraph 181 of plaintiffs' complaint.

182.   FINRA and Andersen lack knowledge or information sufficient to form a

belief about the truth of the allegations in paragraph 182 of plaintiffs' complaint.

183. FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 183 of plaintiffs' complaint.

184. FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 184 of plaintiffs' complaint.

185. FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 185 of plaintiffs' complaint.

186. FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 186 of plaintiffs' complaint.

187. FINRA and Andersen admit that the Hurrys' counsel contacted Mr. Andersen on December 3, 2013. FINRA and Andersen deny that the allegations in paragraph 187 of plaintiffs' complaint accurately reflect the contents of the Hurrys' counsel's communications. FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 187 of plaintiffs' complaint.

188. FINRA and Andersen admit that FINRA's response to the December 3, 2013 inquiry by the Hurrys' counsel was conveyed by Brad Bennett not Scott Andersen. FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 188 of plaintiffs' complaint.

189. FINRA and Andersen admit the allegations in paragraph 189 of plaintiffs' complaint.

190. FINRA and Andersen deny the allegations in paragraph 190 of plaintiffs' complaint.

191. FINRA and Andersen deny that the allegations in paragraph 190 of plaintiffs' complaint accurately reflect the contents of Mr. Bennett's voicemail, and they also deny the remaining allegations in paragraph 191 of plaintiffs' complaint.

192. FINRA and Andersen admit that the Deal Pipeline published an article about the Hurrys' companies on December 6, 2013. FINRA and Andersen deny that the allegations in paragraph 192 of plaintiffs' complaint accurately reflect the contents of Mr. Meagher's article. FINRA and Andersen lack knowledge or information sufficient to

form a belief about the truth of the remaining allegations in paragraph 192 of plaintiffs' complaint.

193.   FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 193 of plaintiffs' complaint.

194.   FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 194 of plaintiffs' complaint.

195.   FINRA and Andersen deny that the allegations in paragraph 195 of plaintiffs' complaint accurately reflect the contents of Mr. Meagher's article, and they also deny the remaining allegations in paragraph 195 of plaintiffs' complaint.

196.   FINRA and Andersen deny that the allegations in paragraph 196 of plaintiffs' complaint accurately reflect the contents of Mr. Meagher's article, and they also deny the remaining allegations in paragraph 196 of plaintiffs' complaint.

197.   FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 197 of plaintiffs' complaint.

198.   FINRA and Andersen deny that the allegations in paragraph 198 of plaintiffs' complaint accurately reflect the contents of Mr. Meagher's article, and they also deny the remaining allegations in paragraph 198 of plaintiffs' complaint.

199.   FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 199 of plaintiffs' complaint.

200.   FINRA and Andersen deny that the allegations in paragraph 200 of plaintiffs' complaint accurately reflect the contents of Mr. Meagher's article, and they also deny the remaining allegations in paragraph 200 of plaintiffs' complaint.

201.   FINRA and Andersen deny the allegations in paragraph 201 of plaintiffs' complaint.

202.   FINRA and Andersen deny the allegations in paragraph 202 of plaintiffs' complaint.

203.   FINRA and Andersen admit receiving a letter from the Hurrys' counsel dated January 9, 2014. FINRA and Andersen deny that the allegations in paragraph 203 of plaintiffs' complaint accurately reflect the contents of that letter. FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the remaining

allegations in paragraph 203 of plaintiffs' complaint.

204.    FINRA and Andersen deny the allegations in paragraph 204 of plaintiffs' complaint.

205.    FINRA and Andersen deny the allegations in paragraph 205 of plaintiffs' complaint.

206.    FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 206 of plaintiffs' complaint.

207.    FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 207 of plaintiffs' complaint.

208.    FINRA and Andersen admit that the Deal Pipeline published an article about the Hurrys on March 20, 2014.  FINRA and Andersen deny that the allegations in paragraph 208 of plaintiffs' complaint accurately reflect the contents of that article, and they also deny the remaining allegations in paragraph 208 of plaintiffs' complaint.

209.    FINRA and Andersen deny that the allegations in paragraph 209 of plaintiffs' complaint accurately reflect the contents of an article published by the Deal Pipeline on March 20, 2014, and they also deny the remaining allegations in paragraph 209 of plaintiffs' complaint.

210.    FINRA and Andersen admit that FINRA received an email from the Hurrys' counsel on March 21, 2014.  FINRA and Andersen deny that the allegations in paragraph 210 of plaintiffs' complaint accurately reflect the contents of that email, and they also deny the remaining allegations in paragraph 210 of plaintiffs' complaint.

211.    FINRA and Andersen deny that the allegations in paragraph 211 of plaintiffs' complaint accurately reflect the contents of Robert Colby's communications, and they also deny the remaining allegations in paragraph 211 of plaintiffs' complaint.

212.    FINRA and Andersen admit the allegations in paragraph 212 of plaintiffs' complaint.

213.    FINRA and Andersen deny the allegations in paragraph 213 of plaintiffs' complaint.

214.    FINRA and Andersen deny the allegations in paragraph 214 of plaintiffs' complaint.

215.   FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 215 of plaintiffs' complaint.

216.   FINRA and Andersen admit that the Deal Pipeline published an article about the Hurrys on April 16, 2014.  FINRA and Andersen deny that the allegations in paragraph 216 of plaintiffs' complaint accurately reflect the contents of that article, and they also deny the remaining allegations in paragraph 216 of plaintiffs' complaint.

217.   FINRA and Andersen admit that FINRA received an email from the Hurrys' counsel on April 17, 2014.  FINRA and Andersen deny that the allegations in paragraph 217 of plaintiffs' complaint accurately reflect the contents of that email.  FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 217 of plaintiffs' complaint.

218.   FINRA and Andersen deny that the allegations in paragraph 218 of plaintiffs' complaint accurately reflect the contents of Robert Colby's communications, and they also deny the remaining allegations in paragraph 218 of plaintiffs' complaint.

219.   FINRA and Andersen deny the allegations in paragraph 219 of plaintiffs' complaint.

220.   FINRA and Andersen deny the allegations in paragraph 220 of plaintiffs' complaint.

221.   FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 221 of plaintiffs' complaint.

222.   FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 222 of plaintiffs' complaint.

223.   FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 223 of plaintiffs' complaint.

224.   FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 224 of plaintiffs' complaint.

225.   FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 225 of plaintiffs' complaint.

226.   FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 226 of plaintiffs' complaint.

227.    FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 227 of plaintiffs' complaint.

228.    FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 228 of plaintiffs' complaint.

229.    FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 229 of plaintiffs' complaint.

230.    FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 230 of plaintiffs' complaint.

231.    FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 231 of plaintiffs' complaint.

232.    FINRA and Andersen deny the allegations in paragraph 232 of plaintiffs' complaint.

233.    FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 233 of plaintiffs' complaint.

234.    FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 234 of plaintiffs' complaint.

235.    FINRA and Andersen admit receiving notice of an alleged agreement between the Hurrys and Wilson-Davis & Co., Inc.  FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 235 of plaintiffs' complaint.

236.    FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 236 of plaintiffs' complaint.

237.    FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 237 of plaintiffs' complaint.

238.    FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 238 of plaintiffs' complaint.

239.    FINRA and Andersen admit having received a Continuing Membership Application requesting approval of a change in ownership of Wilson Davis & Co., Inc. FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 239 of plaintiffs' complaint.

240.    FINRA and Andersen deny the allegations in paragraph 240 of plaintiffs' complaint.

241.    FINRA and Andersen deny that the allegations in paragraph 241 of plaintiffs' complaint accurately reflect the contents of NASD Rule 1017 and FINRA's Continuing Membership Guide, and they also deny the remaining allegations in paragraph 241 of plaintiffs' complaint.

242.    FINRA and Andersen admit that FINRA imposed interim restrictions on Wilson Davis & Co., Inc.  FINRA and Andersen deny that the allegations in paragraph 242 of plaintiffs' complaint accurately reflect the contents of those interim restrictions, and they also deny the remaining allegations in paragraph 242 of plaintiffs' complaint.

243.    FINRA and Andersen deny that the allegations in paragraph 243 of plaintiffs' complaint accurately reflect the contents of documents describing the purpose of and justification for the interim restrictions on Wilson Davis & Co., Inc., and they also deny the remaining allegations in paragraph 243 of plaintiffs' complaint.

244.    FINRA and Andersen deny that the allegations in paragraph 244 of plaintiffs' complaint accurately reflect the contents of documents describing the purpose of and justification for the interim restrictions on Wilson Davis & Co., Inc., and they also deny the remaining allegations in paragraph 244 of plaintiffs' complaint.

245.    FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 245 of plaintiffs' complaint.

246.    FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 246 of plaintiffs' complaint.

247.    FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 247 of plaintiffs' complaint.

248.    FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 248 of plaintiffs' complaint.

249.    FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 249 of plaintiffs' complaint.

250.    FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 250 of plaintiffs' complaint.

251.   FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 251 of plaintiffs' complaint.

252.   FINRA and Andersen admit that on September 12, 2014 FINRA issued a Wells Notice on John Hurry.  FINRA and Andersen deny that the allegations in paragraph 252 of plaintiffs' complaint accurately reflect the contents of that Wells Notice.  FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 252 of plaintiffs' complaint.

253.   FINRA and Andersen deny the allegations in paragraph 253 of plaintiffs' complaint.

254.   FINRA and Andersen deny that the allegations in paragraph 254 of plaintiffs' complaint accurately reflect the contents of communications between FINRA and Wilson Davis & Co., Inc. regarding the proposed change in ownership of Wilson Davis & Co., Inc., and they also deny the remaining allegations in paragraph 254 of plaintiffs' complaint.

255.   FINRA and Andersen deny that the allegations in paragraph 255 of plaintiffs' complaint accurately reflect the contents of communications between FINRA and Wilson Davis & Co., Inc. regarding the proposed change in ownership of Wilson Davis & Co., Inc., and they also deny the remaining allegations in paragraph 255 of plaintiffs' complaint.

256.   FINRA and Andersen admit that Wilson Davis & Co., Inc. withdrew its Continuing Membership Application.  FINRA and Andersen deny the remaining allegations in paragraph 256 of plaintiffs' complaint.

257.   FINRA and Andersen deny that the allegations in paragraph 257 of plaintiffs' complaint accurately reflect the contents of filings in the litigation regarding Wilson Davis & Co., Inc.  FINRA and Andersen deny that such litigation is still pending. FINRA and Andersen admit that FINRA argued that the SEC lacked jurisdiction to review Wilson Davis & Co., Inc.'s withdrawal of its Continuing Membership Application, which argument was accepted by the SEC and resulted in the SEC dismissing the application for review filed by WD Clearing, LLC on September 9, 2015.  FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the remaining

allegations in paragraph 257 of plaintiffs' complaint.

258–270.   Plaintiffs' first cause of action has been dismissed with prejudice.  No response is therefore required to the allegations in paragraphs 258–270 of plaintiffs' complaint.

271–284.   Plaintiffs' second cause of action has been dismissed with prejudice.  No  response is therefore required to the allegations in paragraphs 271–284 of plaintiffs' complaint.

285–293.   Plaintiffs' third cause of action has been dismissed with prejudice.  No response is therefore required to the allegations in paragraphs 285–293 of plaintiffs' complaint.

294–300.   Plaintiffs' fourth cause of action has been dismissed with prejudice.  No response is therefore required to the allegations in paragraphs 294–300 of plaintiffs' complaint.

301–305.   Plaintiffs' fifth cause of action has been dismissed with prejudice.  No response is therefore required to the allegations in paragraphs 301–305 of plaintiffs' complaint.

306–311.   Plaintiffs' sixth cause of action has been dismissed with prejudice.  No response is therefore required to the allegations in paragraphs 306–311 of plaintiffs' complaint.

312–317.   Plaintiffs' seventh cause of action has been dismissed with prejudice.  No  response is therefore required to the allegations in paragraphs 312–317 of plaintiffs' complaint.

318–324.   Plaintiffs' eighth cause of action has been dismissed with prejudice.  No response is therefore required to the allegations in paragraphs 318–324 of plaintiffs' complaint.

325.   FINRA and Andersen incorporate the foregoing responses as if fully set forth herein.

326.   FINRA and Andersen deny the allegations in paragraph 326 of plaintiffs' complaint.

327.   FINRA and Andersen deny the allegations in paragraph 327 of plaintiffs'

1   complaint.

2   328.   FINRA and Andersen deny the allegations in paragraph 328 of plaintiffs'
3   complaint.

4   329.   FINRA and Andersen deny the allegations in paragraph 329 of plaintiffs'
5   complaint.

6   330.   FINRA and Andersen deny the allegations in paragraph 330 of plaintiffs'
7   complaint.

8   331.   FINRA and Andersen deny the allegations in paragraph 331 of plaintiffs'
9   complaint.

10   332.   FINRA and Andersen deny the allegations in paragraph 332 of plaintiffs'
11   complaint.

12   333.   FINRA and Andersen deny that the allegations in paragraph 333 of
13   plaintiffs' complaint accurately reflect the contents of news articles written by Bill
14   Meagher.  FINRA and Andersen deny the remaining allegations in paragraph 333 of
15   plaintiffs' complaint.

16   334.   FINRA and Andersen lack knowledge or information sufficient to form a
17   belief about the truth of the allegations in paragraph 334 of plaintiffs' complaint.

18   335.   FINRA and Andersen deny the allegations in paragraph 335 of plaintiffs'
19   complaint.

20   336.   FINRA and Andersen deny that the information contained in Mr. Meagher's
21   March 20, 2014 news article was known only by FINRA, the SEC, and Scottsdale Capital
22   Advisors.  FINRA and Andersen lack knowledge or information sufficient to form a belief
23   about the truth of the remaining allegations in paragraph 336 of plaintiffs' complaint.

24   337.   FINRA and Andersen deny that the allegations in paragraph 337 of
25   plaintiffs' complaint accurately reflect the contents of Bill Meagher's April 16, 2014 news
26   article.  FINRA and Andersen lack knowledge or information sufficient to form a belief
27   about the truth of the remaining allegations in paragraph 337 of plaintiffs' complaint.

28   338.   FINRA and Andersen lack knowledge or information sufficient to form a
belief about the truth of the allegations in paragraph 338 of plaintiffs' complaint.

339.   FINRA and Andersen deny the allegations in paragraph 339 of plaintiffs'

complaint.

340.   FINRA and Andersen deny the allegations in paragraph 340 of plaintiffs' complaint.

341.   FINRA and Andersen deny the allegations in paragraph 341 of plaintiffs' complaint.

342.   FINRA and Andersen deny the allegations in paragraph 342 of plaintiffs' complaint.

343.   FINRA and Andersen deny the allegations in paragraph 343 of plaintiffs' complaint.

344.   FINRA and Andersen deny the allegations in paragraph 344 of plaintiffs' complaint.

345.   FINRA and Andersen deny the allegations in paragraph 345 of plaintiffs' complaint.

346.   FINRA and Andersen deny the allegations in paragraph 346 accurately reflect the contents of FINRA's Rules.  FINRA and Andersen lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 346 of plaintiffs' complaint.

347.   FINRA and Andersen deny the allegations in paragraph 347 of plaintiffs' complaint.

348.   FINRA and Andersen deny the allegations in paragraph 348 of plaintiffs' complaint.

349–364.   Plaintiffs' tenth cause of action has been dismissed with prejudice.  No response is therefore required to the allegations in paragraphs 349–364 of plaintiffs' complaint.

365–378.   Plaintiffs' eleventh cause of action has been dismissed with prejudice.  No  response is therefore required to the allegations in paragraphs 365–378 of plaintiffs' complaint.

379.   FINRA and Andersen incorporate the foregoing responses as if fully set forth herein.

380.   FINRA and Andersen deny the allegations in paragraph 380 of plaintiffs'

1   complaint.

2        381.   FINRA and Andersen deny the allegations in paragraph 381 of plaintiffs'
3   complaint.

4        382.   FINRA and Andersen deny the allegations in paragraph 382 of plaintiffs'
5   complaint.

6        383.   FINRA and Andersen deny the allegations in paragraph 383 of plaintiffs'
7   complaint.

8        384.   FINRA and Andersen deny the allegations in paragraph 384 of plaintiffs'
9   complaint.

10       385.   FINRA and Andersen deny the allegations in paragraph 385 of plaintiffs'
11  complaint.

12       386.   FINRA and Andersen deny the allegations in paragraph 386 of plaintiffs'
13  complaint.

14       387.   FINRA and Andersen deny the allegations in paragraph 387 of plaintiffs'
15  complaint.

16       388.   FINRA and Andersen deny the allegations in paragraph 388 of plaintiffs'
17  complaint.

18       389.   FINRA and Andersen deny the allegations in paragraph 389 of plaintiffs'
19  complaint.

20       390–394.   Plaintiffs' thirteenth cause of action has been dismissed with prejudice.
21  No  response is therefore required to the allegations in paragraphs 390–394 of plaintiffs'
22  complaint.

23       395–398.   Plaintiffs' fourteenth cause of action has been dismissed with prejudice.
24  No  response is therefore required to the allegations in paragraphs 395–398 of plaintiffs'
25  complaint.

## AFFIRMATIVE DEFENSES

26       A.     Plaintiffs have not alleged factual allegations stating a claim against Scott
27  Andersen upon which relief can be granted.  FINRA and Andersen deny that Scott
28  Andersen is a proper party to this litigation.

         B.     Plaintiffs have not alleged a short and plain statement showing that each of

the various 29 named plaintiffs are entitled to relief.

C.     FINRA and Andersen deny that any unknown and undisclosed defendants described by plaintiffs as John and/or Jane Does are proper parties to this litigation.

D.     FINRA and Andersen are informed and believe that plaintiffs' claims for prima facie tort, violation of the Privacy Act, intentional interference with contractual relations, public disclosure of private facts, and conspiracy (Causes of Action VII, VIII, X, XI, and XIV) fail to state a claim upon which relief can be granted.

E.     FINRA and Andersen are informed and believe that plaintiffs' claims for violation of the Computer Fraud and Abuse Act, trespass upon chattel, intrusion upon seclusion, conversion, misappropriation of trade secrets, those portions of plaintiffs' claim for defamation relating to FINRA's on-the-record interviews, and plaintiffs' *Bivens* claim (Causes of Action I, II, III, IV, V, VI, part of IX, and XIII) are barred by FINRA's absolute immunity.

F.     FINRA and Andersen are informed and believe that plaintiffs' claims for defamation and false light fail because the alleged representations upon which those claims are based are true.

G.     FINRA and Andersen are informed and believe that plaintiffs' claims for defamation and false light fail because the alleged representations upon which those claims are based are merely statements of opinion.

H.     FINRA and Andersen are informed and believe that plaintiffs' claims for defamation and false light fail because the publication of the alleged representations upon which those claims are based is not the cause of plaintiffs' alleged damage.

I.     FINRA and Andersen are informed and believe that plaintiffs' claims for defamation and false light are time-barred in whole or in part by the applicable statute of limitations.

J.     FINRA and Andersen are informed and believe that plaintiffs' claim for defamation fails because the alleged representations upon which that claim is based are not of or concerning plaintiffs.

K.     FINRA and Andersen are informed and believe that plaintiffs' claim for defamation fails because the alleged representations upon which that claim is based are

1  not injurious to plaintiffs' reputation.

2        L.     FINRA and Andersen are informed and believe that plaintiffs' claim for

3  false light fails because the alleged representations upon which that claim is based do not

4  portray plaintiffs in a false or misleading light.

5        M.     FINRA and Andersen are informed and believe that plaintiffs' claim for

6  false light fails because the alleged representations upon which that claim is based are not

7  highly offensive or embarrassing to a reasonable person of ordinary sensibilities.

8        N.     FINRA and Andersen are informed and believe that plaintiffs' claim for

9  false light fails because the representations upon which that claim is based were not

10  published with reckless disregard as to their offensiveness to plaintiffs.

11        WHEREFORE, having denied that plaintiffs are entitled to any relief and having

12  answered plaintiffs' second amended complaint, FINRA and Andersen respectfully

13  request that this Court dismiss plaintiffs' second amended complaint with prejudice,

14  award FINRA and Andersen their costs incurred in defending against this action, and

15  grant such other relief as may be just and proper.

16        RESPECTFULLY SUBMITTED this 2nd day of May, 2016.

17

18                                            */s/ Gregory A. Davis*
                                          George Brandon

19                                            Gregory A. Davis
                                          Gregory S. Schneider

20                                            SQUIRE PATTON BOGGS (US) LLP
                                          One East Washington Street, Suite 2700

21                                            Phoenix, Arizona 85004

22                                            Attorneys for Defendants Financial Industry
                                          Regulatory Authority, Inc. and Scott M. Andersen

23

24

25

26

27

28