Exhibit 3



Financial Industry Regulatory Authority

# FINRA Office of Dispute Resolution

## ORDER

**Case Number:** 17-01765

**Case Name:** Scottsdale Capital Advisors Corp vs. Eric Joseph Miller

**Issues Addressed:** (i.e., name of motion or request, by which party)

Claimant's Motion to Compel Third-Party FINRA's Compliance with Subpoena dated 04-25-18.

**Pre-Hearing Conference Held?** ◯ Yes  ⦿ No

Date/Time:

Participating in the conference were:

Chairperson: _____

Panelist: _____

Panelist: _____

#1 Claimant's Representative: _____

#2 Claimant's Representative: _____

#1 Respondent's Representative: _____

#2 Respondent's Representative: _____

FINRA Dispute Resolution Staff: _____

**Decided by:** ⦿ Chairperson  Panel ◯

**Rulings:**[1]

After considering the pleadings submitted by the parties ~~hearing~~ ~~held~~, the ~~ ~~ Chairperson rules as follows:

---

[1] If more space is needed, add additional pages.

1. The Panel has jurisdiction over FINRA.

2. Documents previously provided by FINRA to SCA in John J. Hurry, et al. v. Financial Industry Regulatory Authority, Inc., Case No. 14-CV-02490-PHX-ROS, may be entered into evidence in the hearing of this matter, if otherwise admissible,

3. Documents reflecting communications between Miller and FINRA that redacted Miller's name and that have been authenticated by Miller must be produced and may be entered into evidence in the hearing of this matter, if otherwise admissible.

4. Documents related to FINRA's investigation including but not limited to testimony and production of documents relating to analyses, opinions or evaluations prepared by FINRA employees, customer complaints, and documents reflecting District Committee or Board of Governors considerations and deliberations, which are protected by the investigatory file privilege, except information specifically provided by Miller referred to in item 3 above, need not be produced.

The parties should comply with this order by (date): Immediately

If the parties settle this matter prior to the hearing, the forum fees for this pre-hearing conference (or discovery-related motion decided without a pre-hearing conference) are assessed as follows:

100.0 % to Claimant(s), jointly and severally
_____ % to Respondent(s), jointly and severally
_____ % assessed to
_____ % assessed to
_____ % assessed to
_____ % assessed to

X _____  Date: May 1, 2018
Chairperson,
On behalf of the Arbitration Panel