Exhibit 5

# FINRA Office of Dispute Resolution

In the Matter of the Arbitration between

SCOTTSDALE CAPITAL ADVISORS, INC.

Case no. 1701765

VS.

ERIC MILLER

## SUBPOENA TO TESTIFY AT ARBITRATION
## AND TO PRODUCE DOCUMENTS

To: Financial Industry Regulatory Authority, Inc.
2338 W. Royal Palm Rd., Ste. J, Phoenix, AZ 85021

    YOU ARE COMMANDED to appear in a FINRA Arbitration at the time, date, and place set forth below to testify at an arbitration. When you arrive, you must remain at the location until the Arbitrators allow you to leave. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the matters set forth in Attachment A.

    PLACE: Regus, 6991 E Camelback Rd, Scottsdale, AZ 85251

    DATE & TIME: May 8, 2018, 10:00 a.m.

    You, or your representatives, must also bring with you the documents, electronically stored information, or objects set forth in Attachment B.

    FINRA Code of Arbitration Procedures for Industry Disputes Rules 13512 and 13513 relating to subpoenas are attached hereto.

Date: 4/4/18

Signed: _____
Arbitrator(s)
Chair

Requested by: SCOTTSDALE CAPITAL ADVISORS, INC.

JORDAN SUSMAN, ESQ.
132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS, CA 90212
424-203-1600
JSUSMAN@HARDERLLP.COM

{00089759;1}

# EXHIBIT A

## DEFINITIONS

1. The terms YOU or YOUR refer to Financial Industry Regulatory Authority and all of YOUR agents, representatives, attorneys, and all other persons acting on behalf of any and all such persons.

2. The term SCOTTSDALE refers to Claimant Scottsdale Capital Advisors, Inc. and all of its agents, representatives, attorneys, and all other persons acting on behalf of any and all such persons

3. The term MILLER refers to Respondent Eric Miller and all of his agents, representatives, attorneys, and all other persons acting on behalf of any and all such persons.

4. The term COMMUNICATION(S) means any exchange of information by a method of transmission, including, without limitation, any meetings, conferences, face-to-face conversations, mails, electronic transmissions, electronic mail, telephone, facsimile, text message, telegram, telex or by any other medium, including written, taped or recorded (audio or video) communications of any kind.

5. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

6. "Relating to" or "relate(s) to" or "related to" means referring to, concerning, responding to, commenting on, regarding, discussing, showing, describing, reflecting, implying, analyzing, embodying, constituting, comprising, dealing with, responding to, or is in any way logically or factually connected with the subject matter.

## TOPICS

1. COMMUNICATIONS between YOU and MILLER relating to SCOTTSDALE.

2. All actions YOU took as a result of YOUR COMMUNICATIONS with MILLER relating to SCOTTSDALE.

# EXHIBIT B

# DEFINITIONS

1. The terms YOU, YOUR or FINRA refer to Financial Industry Regulatory Authority and all of YOUR agents, representatives, attorneys, and all other persons acting on behalf of any and all such persons.

2. The term SCOTTSDALE refers to Claimant Scottsdale Capital Advisors, Inc. and all of its agents, representatives, attorneys, and all other persons acting on behalf of any and all such persons

3. The term MILLER refers to Respondent Eric Miller and all of his agents, representatives, attorneys, and all other persons acting on behalf of any and all such persons.

4. The term COMMUNICATION(S) means any exchange of information by a method of transmission, including, without limitation, any meetings, conferences, face-to-face conversations, mails, electronic transmissions, electronic mail, telephone, facsimile, text message, telegram, telex or by any other medium, including written, taped or recorded (audio or video) communications of any kind.

5. The term DOCUMENT(S) includes all written materials, graphic matter, handwriting, typewriting, audio or video tape recordings, however produced or reproduced, of every kind and description, including but not limited to, the original and each copy thereof which is non-identical by reason of any mark, change, or other cause or reason whatsoever, of all correspondence, records, reports, memoranda, notes, telegrams, telexes, facsimiles, messages and message books, telephone logs, memoranda of telephone conversations, publications, books, brochures, booklets, manuals, flyers, leaflets, contracts, memoranda of agreement, books of account, ledgers, journals, working papers, records or summaries of personal interviews or conversations, appointment calendars, diaries, receipts, invoices, billing statements, microfilm, microfiche, files, tapes, magnetic tapes, discs, drives, data cards, films, data processing files and all other computer-readable records or programs, including any and all drafts or nonidentical copies thereof. DOCUMENTS in the form of any magnetic tapes, discs, drives (including without limitation external hard drives, internal hard drives, "flash drives," "thumb drives," "zip drives," "pen drives," "jump drives," and media sticks), DVDs, CDs, CD-ROMs, data cards, media cards, data processing files and other computer-readable records or programs must be produced in their native electronic format or other easily-readable and fully-searchable format approved by the Propounding Party, on a disc, drive, DVD or other easily-accessible and readable electronic medium. Any electronic spreadsheets should be produced in full with all columns, rows and other data fully opened and "unhidden." Any DOCUMENTS that are in color must be produced in the full color of the original document. All DOCUMENTS must be produced in their original size, i.e., oversized documents should be produced in their original size, and in a size that is fully legible so that all words, numbers, characters and symbols can be read clearly.

6. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

7. "Relating to" or "relate(s) to" or "related to" means referring to, concerning, responding to, commenting on, regarding, discussing, showing, describing, reflecting, implying, analyzing, embodying, constituting, comprising, dealing with, responding to, or is in any way logically or factually connected with the subject matter.

## DOCUMENT REQUESTS

1. All DOCUMENTS that relate to all COMMUNICATIONS between YOU and MILLER relating to SCOTTSDALE.

2. All DOCUMENTS that relate to all actions YOU took as a result of YOUR COMMUNICATIONS with MILLER.

# FINRA Code of Arbitration Procedures for Industry Disputes Rules 13512 and 13513

## 13512. Subpoenas

(a) To the fullest extent possible, parties should produce documents and make witnesses available to each other without the use of subpoenas.

(1) Arbitrators shall have the authority to issue subpoenas for the production of documents or the appearance of witnesses.

(2) Unless circumstances dictate the need for a subpoena, arbitrators shall not issue subpoenas to non-party FINRA members and/or employees or associated persons of non-party FINRA members at the request of FINRA members and/or employees or associated persons of FINRA members. If the arbitrators determine that the request for the appearance of witnesses or the production of documents should be granted, the arbitrators should order the appearance of such persons or the production of documents from such persons or non-party FINRA members under Rule 13513.

(b) A party may make a written motion requesting that an arbitrator issue a subpoena to a party or a non-party. The motion must include a draft subpoena and must be filed with the Director. The requesting party must serve the motion and draft subpoena on each other party. The requesting party may not serve the motion or draft subpoena on a non-party.

(c) If a party receiving a motion and draft subpoena objects to the scope or propriety of the subpoena, that party shall, within 10 calendar days of service of the motion, file written objections with the Director, and shall serve copies on all other parties. The party that requested the subpoena may respond to the objections within 10 calendar days of receipt of the objections. After considering all objections, the arbitrator responsible for deciding discovery-related motions shall rule promptly on the issuance and scope of the subpoena.

(d) If the arbitrator issues a subpoena, the party that requested the subpoena must serve the subpoena on all parties and, if applicable, on any non-party receiving the subpoena. The party must serve the subpoena on the non-party by first-class mail, overnight mail service, overnight delivery service, hand delivery, email or facsimile.

(e) If a non-party receiving a subpoena objects to the scope or propriety of the subpoena, the non-party may, within 10 calendar days of service of the subpoena, file written objections with the Director. The non-party may file the objection by first-class mail overnight mail service, overnight delivery service, hand delivery, email or facsimile. The Director shall forward a copy of the written objections to the arbitrator and all other parties. The party that requested the subpoena may respond to the objections within 10 calendar days of receipt of the objections. The party must serve the response on the non-party and file proof of service with the Director pursuant to Rule 13300(c)(4). After considering all objections, the arbitrator responsible for issuing the subpoena shall rule promptly on the objections.

(f) Any party that receives documents in response to a subpoena served on a non-party shall serve notice on all other parties within five days of receipt of the documents. Thereafter, any party may request copies of such documents and, if such a request is made, the documents

must be provided within 10 calendar days following receipt of the request by serving them by first-class mail, overnight mail service, overnight delivery service, hand delivery, email or facsimile. Parties must not file the documents with the Director.

(g) If the arbitrators issue a subpoena to a non-party FINRA member and/or any employee or associated person of a non-party FINRA member at the request of a FINRA member and/or employee or associated person of a FINRA member, the party requesting the subpoena shall pay the reasonable costs of the non-party's appearance and/or production, unless the panel directs otherwise.

## 13513. Authority of Panel to Direct Appearances of Associated Person Witnesses and Production of Documents Without Subpoenas

(a) Upon motion of a party, the panel may order the following without the use of subpoenas:

(1) The appearance of any employee or associated person of a member of FINRA; or

(2) The production of any documents in the possession or control of such persons or members.

(b) The motion must include a draft order and must be filed with the Director. The requesting party must serve the motion and draft order on each other party. The requesting party may not serve the motion or draft order on a non-party.

(c) If a party receiving a motion and draft order objects to the scope or propriety of the order, that party shall, within 10 calendar days of service of the motion, file written objections with the Director and shall serve copies on all other parties. The party that requested the order may respond to the objections within 10 calendar days of receipt of the objections. After considering all objections, the arbitrator responsible for deciding discovery-related motions shall rule promptly on the issuance and scope of the order.

(d) If the arbitrator issues an order, the party that requested the order must serve the order on all parties and, if applicable, on any non-party receiving the order. The party must serve the order on the non-party by first-class mail, overnight mail service, overnight delivery service, hand delivery, email or facsimile.

(e) If a non-party receiving an order objects to the scope or propriety of the order, the non-party may, within 10 calendar days of service of the order, file written objections with the Director. The non-party may file the objection by first-class mail, overnight mail service, overnight delivery service, hand delivery, email or facsimile. The Director shall forward a copy of the written objections to the arbitrator and all other parties. The party that requested the order may respond to the objections within 10 calendar days of receipt of the objections. The party must serve the response on the non-party and file proof of service with the Director pursuant to Rule 13300(c)(4). After considering all objections, the arbitrator responsible for issuing the order shall rule promptly on the objections.

(f) Any party that receives documents in response to an order served on a non-party shall serve notice to all other parties within five days of receipt of the documents. Thereafter, any party may request copies of such documents and, if such a request is made, the documents must

be provided within 10 calendar days following receipt of the request by first-class mail, overnight mail service, overnight delivery service, hand delivery, email or facsimile. Parties must not file the documents with the Director.

    (g) Unless the panel directs otherwise, the party requesting the appearance of witnesses by, or the production of documents from, non-parties under this rule shall pay the reasonable costs of the appearance and/or production.