# Exhibit 10

## Jordan Susman

| | |
|---|---|
| From: | Jordan Susman |
| Sent: | Tuesday, May 29, 2018 1:45 PM |
| To: | 'terri.reicher@finra.org' |
| Subject: | FW: Scottsdale Capital Advisors Corp. |
| Attachments: | Letter to Terri Reicher re Subpoena.PDF |

Ms. Reicher,

Attached and below is correspondence my office sent to you twelve (12) days ago that requested a response by May 25, 2018.
It is now May 29, and we still have not received a response.

I am therefore writing again to request FINRA's compliance with the Arbitration Panel's Orders. Please provide documents and dates for FINRA's testimony by the close of business on **May 31, 2018**.

Absent FINRA's compliance with the Arbitration Panel's Orders, we will have no choice but to compel compliance and seek all available sanctions against FINRA, including without limitation, sanctions for contempt. *See* 9 U.S.C. 7; *CVS Health Corp. v. Vividus, LLC*, 878 F.3d 703, 706 (9th Cir. 2017) ("If a person summoned as a witness does not comply, the [Federal Arbitration Act] gives the district court in the district in which the arbitrator sits the power to compel the person's attendance before the arbitrator.").

Sincerely,



**JORDAN SUSMAN**

HARDER LLP
132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS CA 90212
TEL (424) 203-1600
JSUSMAN@HARDERLLP.COM
WWW.HARDERLLP.COM

Confidentiality Notice: The information contained in this email and any attachments to it is intended only for the use of the intended recipient and may be confidential and/or privileged. If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachments or other information contained herein is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return email, destroy this email and any and all copies thereof (including any attachments) without reading them or saving them in any manner. Thank you.

**From:** Cayla Bergman
**Sent:** Thursday, May 17, 2018 3:50 PM
**To:** terri.reicher@finra.org
**Cc:** Jordan Susman <jsusman@harderllp.com>
**Subject:** Scottsdale Capital Advisors Corp.

Dear Ms. Reicher:

Please see attached correspondence. Below is a copy of the letter for your convenience.

Sincerely,



**Cayla Bergman**
**Legal Assistant**
HARDER LLP
132 S. RODEO DR., FOURTH FLOOR
BEVERLY HILLS, CA 90212
TEL (424) 203-1600
CBERGMAN@HARDERLLP.com
www.HARDERLLP.com

**Confidentiality Notice:** The information contained in this email and any attachment(s) to it is intended only for the use of the intended recipient and may be confidential and/or privileged. If any recipient of this communication is not the intended recipient, the unauthorized use, disclosure or copying of this email and any accompanying attachment(s) or other information contained herein is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return email, destroy this email, and any and all copies thereof (including any attachment(s)) without reading them or saving them in any manner. Thank you.

May 17, 2018

**VIA E-MAIL & U.S. MAIL**

Terri Reicher, Esq.
Associate General Counsel
Financial Industry Regulatory Authority, Inc.
1735 K Street, NW
Washington, DC 20006
terri.reciher@finra.org

        Re:    **Scottsdale Capital Advisors v. Eric Miller**
                 **FINRA Arbitration Case No. 17-01765**

Dear Ms. Reicher:

      As you are aware, this office is litigation counsel for Scottsdale Capital Advisors ("SCA") in the above referenced matter ("Matter").

On April 5 & 13, 2018, SCA served a subpoena on FINRA to appear and produce documents in the Matter ("Subpoena"), to which FINRA served objections. The arbitration panel in the Matter has issued two orders regarding the Subpoena, which are attached hereto.

Per the order dated May 1, 2018, the arbitration "[p]anel has jurisdiction over FINRA." Accordingly, **FINRA must testify in the Matter**. In addition, "[d]ocuments reflecting communications between Miller and FINRA that redacted [Eric] Miller's name and that have been authenticated by Miller **must be produced**" by FINRA. FINRA must further produce "information specifically provided by Miller." Accordingly, we ask that FINRA produce responsive unredacted documents forthwith, so we do not waste time at the hearing in the Matter.

Per the order dated May 8, 2018, I am writing to set a date and location for FINRA to testify in the Matter in Phoenix. We are currently contemplating resuming the hearing in the Matter in late June-early July. Please let me know when the FINRA witness will be available during that time, and who the witness will be.

Please provide the foregoing documents and information by the close of business on **May 25, 2018**.

Very truly yours,

JORDAN SUSMAN Of
**HARDER LLP**



132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS, CA 90212 · 424.203.1600

488 MADISON AVENUE, EIGHTEENTH FLOOR
NEW YORK, NY 10022 · 212.799.1400

WWW.HARDERLLP.COM

May 17, 2018

**VIA E-MAIL & U.S. MAIL**

Terri Reicher, Esq.
Associate General Counsel
Financial Industry Regulatory Authority, Inc.
1735 K Street, NW
Washington, DC 20006
terri.reicher@finra.org

   Re: **Scottsdale Capital Advisors v. Eric Miller**
     **FINRA Arbitration Case No. 17-01765**

Dear Ms. Reicher:

  As you are aware, this office is litigation counsel for Scottsdale Capital Advisors ("SCA") in the above referenced matter ("Matter").

  On April 5 & 13, 2018, SCA served a subpoena on FINRA to appear and produce documents in the Matter ("Subpoena"), to which FINRA served objections. The arbitration panel in the Matter has issued two orders regarding the Subpoena, which are attached hereto.

  Per the order dated May 1, 2018, the arbitration "[p]anel has jurisdiction over FINRA." Accordingly, **FINRA must testify in the Matter**. In addition, "[d]ocuments reflecting communications between Miller and FINRA that redacted [Eric] Miller's name and that have been authenticated by Miller **must be produced**" by FINRA. FINRA must further produce "information specifically provided by Miller." Accordingly, we ask that FINRA produce responsive unredacted documents forthwith, so we do not waste time at the hearing in the Matter.

  Per the order dated May 8, 2018, I am writing to set a date and location for FINRA to testify in the Matter in Phoenix. We are currently contemplating resuming the hearing in the Matter in late June-early July. Please let me know when the FINRA witness will be available during that time, and who the witness will be.

  Please provide the foregoing documents and information by the close of business on **May 25, 2018**.

            Very truly yours,

            JORDAN SUSMAN Of
            **HARDER LLP**

{00092242;2}



Financial Industry Regulatory Authority

## FINRA Office of Dispute Resolution

## ORDER

**Case Number:** 17-01765

**Case Name:** Scottsdale Capital Advisors Corp vs. Eric Joseph Miller

**Issues Addressed:** (i.e., name of motion or request, by which party)

Claimant's Motion to Compel Third-Party FINRA's Compliance with Subpoena dated 04-25-18.

**Pre-Hearing Conference Held?**   ◯ Yes   ⬤ No

Date/Time:

Participating in the conference were:

Chairperson: _____

Panelist: _____

Panelist: _____

#1 Claimant's Representative: _____

#2 Claimant's Representative: _____

#1 Respondent's Representative: _____

#2 Respondent's Representative: _____

FINRA Dispute Resolution Staff: _____

**Decided by:** ⬤ Chairperson   Panel ◯

**Rulings:**[1]

After considering the pleadings submitted by the parties ˌ       ˌ    .
hearing         ˑ˗˗ˡ˗ˊ), the ˉ    ''Chairperson rules as follows:

---
[1] If more space is needed, add additional pages.

1. The Panel has jurisdiction over FINRA.

2. Documents previously provided by FINRA to SCA in John J. Hurry, et al. v. Financial Industry Regulatory Authority, Inc., Case No. 14-CV-02490-PHX-ROS, may be entered into evidence in the hearing of this matter, if otherwise admissible,

3. Documents reflecting communications between Miller and FINRA that redacted Miller's name and that have been authenticated by Miller must be produced and may be entered into evidence in the hearing of this matter, if otherwise admissible.

4. Documents related to FINRA's investigation including but not limited to testimony and production of documents relating to analyses, opinions or evaluations prepared by FINRA employees, customer complaints, and documents reflecting District Committee or Board of Governors considerations and deliberations, which are protected by the investigatory file privilege, except information specifically provided by Miller referred to in item 3 above, need not be produced.

The parties should comply with this order by (date): Immediately

If the parties settle this matter prior to the hearing, the forum fees for this pre-hearing conference (or discovery-related motion decided without a pre-hearing conference) are assessed as follows:

100.0 % to Claimant(s), jointly and severally
_____ % to Respondent(s), jointly and severally
_____ % assessed to
_____ % assessed to
_____ % assessed to
_____ % assessed to

X _____
Chairperson,
On behalf of the Arbitration Panel

Date: May 1, 2018



Financial Industry Regulatory Authority

# FINRA Office of Dispute Resolution

## ORDER

**Case Number:** 17-01765

**Case Name:** Scottsdale Capital Advisors, Corp. v. Eric Miller

**Issues Addressed:** (i.e., name of motion or request, by which party)
1. Wilson-Davis witness testimony.
2. FINRA witness testimony.
3. Miller's deposition transcript.
4. Protective Order

**Pre-Hearing Conference Held?**   ● Yes   ○ No

**Date/Time:** May 7, 2018 (at arb hrng)

Participating in the conference were:

Chairperson: Steven Guttell

Panelist: Deana Peck

Panelist: Kenneth Johnston

#1 Claimant's Representative: Jordan Sussman, Esq.

#2 Claimant's Representative: _____

#1 Respondent's Representative: Advised FINRA that he would not appear

#2 Respondent's Representative: _____

FINRA Dispute Resolution Staff: _____

**Decided by:**  ○ Chairperson   Panel ●

**Rulings:**[1]

After considering the pleadings submitted by the ~~parties~~ *Claimant* (and oral arguments~~, if pre-hearing conference held~~), the Panel/~~Chairperson~~ rules as follows:

---

[1] If more space is needed, add additional pages.

1.

   Please see the attached two page Order.

2.

3.

The parties should comply with this order by (date): <u>Within a reasonable time</u>

If the parties settle this matter prior to the hearing, the forum fees for this pre-hearing conference (or discovery-related motion decided without a pre-hearing conference) are assessed as follows:

_____ % to Claimant(s), jointly and severally
_____ % to Respondent(s), jointly and severally
_____ % assessed to      N/A
_____ % assessed to
_____ % assessed to
_____ % assessed to

X _____          Date: <u>May 8, 2018</u>
Chairperson,
On behalf of the Arbitration Panel

FINRA Case No. 17-01765; Scottsdale Capital Advisors, Corp. v. Eric Miller

**ORDER**: May 8, 2018.

Wilson-Davis witness testimony:

Counsel for Claimant shall communicate with counsel for Wilson-Davis regarding the scheduling of a witness, and from where the witness will testify (Salt Lake City or the Phoenix metro area).

1. If the witness appears in the Phoenix metro area, Claimant's counsel shall notify FINRA in order that it can set the date and location for the receipt of the witness's testimony.
2. If the witness appears in Salt Lake City, counsel for Claimant shall make arrangements (whether through FINRA or otherwise as appropriate) for a video facility to be made available in order for the panel to observe the examination of the witness in real time in the Phoenix metro area. Counsel for Claimant shall assure that the panel has copies of any documents intended to be produced into evidence in advance of the in-person video testimony. Claimant's counsel shall notify FINRA in order that it can set the date and location for the receipt of the witness's testimony.

FINRA witness testimony:

1. The request to have a FINRA representative testify was addressed in the Chair's Order of May 1, 2018.
2. Claimant submitted sufficient evidence for the panel to make a determination concerning Miller's liability, if any, with regard to his communications about Claimant to FINRA.
3. The panel holds that there is a broad investigatory privilege and that the privilege applies here.
4. The panel further holds that it will restrict the testimony of the FINRA witness to only communications between FINRA and Miller relating to Claimant.
5. Claimant's counsel shall notify FINRA in order that it can set the date and location for the receipt of the witness's testimony in the Phoenix metro area.

Miller's deposition transcript:

1. Claimant shall upload Miller's deposition transcript to the FINRA portal;
2. Claimant shall provide FINRA with three courtesy hard copies of the deposition, and;
3. FINRA is directed to send a courtesy copy of the transcript to each panel member.

Protective Order:

Claimant's counsel shall prepare a protective order for the chair's signature that will allow the exhibits and other related information/materials to be provided to FINRA when the record is submitted to FINRA, in the ordinary course, at the conclusion of the panel's consideration of this matter.