1  Gregory A. Davis (No. 025976) gregory.davis@squirepb.com
2  Gregory Schneider (No. 029660) gregory.schneider@squirepb.com
   SQUIRE PATTON BOGGS (US) LLP
3  One East Washington Street, Suite 2700
   Phoenix, Arizona 85004
4  Telephone: (602) 528-4000
5  Facsimile: (602) 253-8129
   Attorneys for Defendant Financial Industry Regulatory Authority, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| Scottsdale Capital Advisors Incorporated, | Case No. MC-18-00035-PHX-DJH |
|---|---|
| Plaintiff, | |
| v. | **RESPONSE OF FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC. TO PLAINTIFF'S MOTION TO ENFORCE SUBPOENA IN ARBITRATION AND REQUEST FOR CONTEMPT SANCTIONS** |
| Financial Industry Regulatory Authority, Inc., | |
| Defendant. | |

### INTRODUCTION

The Arizona-based arbitration panel (the "Panel") in *Scottsdale Capital Advisors, Corp. v. Eric Miller*, Case No. 17-0176 (the "Arbitration") subpoenaed Financial Industry Regulatory Authority, Inc. ("FINRA")—a non-party to the Arbitration—to produce documents and to travel from Washington D.C. to Scottsdale, Arizona to give testimony (the "Subpoena"). [*See* Plaintiff's Motion to Enforce Subpoena at Ex. 5 (Doc. 1-5); *see also id.* at Exs. 3, 8 (Docs. 1-3 and 1-8).]

Plaintiff's motion to enforce the Subpoena (Doc. 1) should be denied because this Court lacks personal jurisdiction over FINRA, an out-of-state non-party. Plaintiff does not allege any jurisdictional contacts that would allow this Court to exercise personal

- 1 -

jurisdiction over FINRA, and instead merely asserts that FINRA "acknowledged [in a separate lawsuit] that it is subject to general jurisdiction in Arizona." [*See* Plaintiff's Motion to Enforce Subpoena (Doc. 1) at 2, ¶ 5.] Plaintiff's assertion is both wrong and irrelevant, and it does not satisfy plaintiff's "burden of showing that jurisdiction is proper . . . ." *See Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014); *see also Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995) ("It is the plaintiff's burden to establish jurisdiction.") (citation omitted).

Plaintiff's motion to enforce the Subpoena should be denied for the additional reasons that the Subpoena (1) is contrary to Federal Rule of Civil Procedure 45(c)(1), and (2) exceeds the Panel's authority under the Federal Arbitration Act (the "FAA") to require the production of documents by a non-party. *See* Fed. R. Civ. P. 45(c)(1); 9 U.S.C. § 7.

## ARGUMENT

### I. This Court Lacks Personal Jurisdiction Over FINRA.

"Under FAA section 7, a federal court's authority to enforce an arbitrator's subpoena is coextensive with the court's authority to enforce one of its own subpoenas." *Alliance Healthcare Servs. v. Argonaut Private Equity, LLC*, 804 F. Supp. 2d 808, 811 (N.D. Ill. 2011); *see also* 9 U.S.C. § 7 ("upon petition the United States district court for the district in which such arbitrators, or a majority of them, are sitting may compel the attendance of such person or persons before said arbitrator or arbitrators, or punish said person or persons for contempt ***in the same manner provided by law*** for securing the attendance of witnesses or their punishment for neglect or refusal to attend in the courts of the United States.") (emphasis added). "A district court must have personal jurisdiction over a nonparty to compel it to comply with a Rule 45 subpoena." *See Gucci Am., Inc. v. Weixing Li*, 135 F. Supp. 3d 87, 93 (S.D.N.Y. 2015); *see also Leibovitch v. Islamic Republic of Iran*, 188 F. Supp. 3d 734, 745 (N.D. Ill. 2016) ("Likewise, a court must have personal jurisdiction to order compliance with a discovery request.") (citation omitted).

Personal jurisdiction over a non-resident such as FINRA is tested by a two-part analysis. *See Pacific Atl. Trading Co. v. M/V Main Express*, 758 F.2d 1325, 1327 (9th

Cir. 1985). First, the exercise of jurisdiction must satisfy the requirements of the forum state's long-arm statute. *Id.* Second, the exercise of jurisdiction must comport with due process. *Id.* Because Arizona's long-arm statute extends jurisdiction "to the maximum extent permitted by the . . . Constitution of the United States," the personal jurisdiction inquiry collapses into an analysis of due process. *See* Ariz. R. Civ. P. 4.2(a).

Due process requires that a non-resident have certain minimum contacts with the forum state such that the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Personal jurisdiction over a non-resident may be either general or specific. Here, neither general nor specific personal jurisdiction over FINRA exists.

### A.  There Is No General Personal Jurisdiction Over FINRA In Arizona.

#### 1.  FINRA Is Not "Essentially At Home" In Arizona.

A court may only exercise general personal jurisdiction when a non-resident's contacts with the forum state "are so 'continuous and systematic' as to render [it] ***essentially at home in the forum State***." *Daimler AG v. Bauman*, 134 S. Ct. at 746, 761 (2014) (emphasis added). For a corporation the "paradigm all-purpose forums" for general jurisdiction are its (1) "formal place of incorporation" and (2) "principal place of business." *Id*. at 760-61. Arizona is neither FINRA's formal place of incorporation nor its principal place of business. [*See* Declaration of Marcia E. Asquith ("Asquith Dec.") at ¶¶ 3–4, attached hereto as **Exhibit A**.] FINRA is a Delaware corporation that has as its principal place of business Washington, D.C. [*See id.*]

Only in a truly "exceptional case" will a corporation be deemed "essentially at home" in a place where it is not incorporated or headquartered. *See Daimler*, 134 S. Ct. at 761 n.19. Indeed, the general jurisdiction standard is so exacting that Justice Sotomayor recently and pointedly acknowledged "it is ***virtually inconceivable***" that "large multistate or multinational corporations" "will ever be subject to general jurisdiction in any location other than their principal places of business or of incorporation," regardless of whether

they "have continuous and systematic contacts within the United States." *BNSF Railway Co. v. Tyrell*, 137 S. Ct. 1549, 1560 (2017) (Sotomayor, J., dissenting) (emphasis added).

Plaintiff has not alleged any facts demonstrating that this is the "exceptional case" hypothesized in *Daimler* or that FINRA is "essentially at home" in Arizona. *See Daimler*, 134 S. Ct. at 761. Nor could plaintiff make any such showing. FINRA is a private, not-for-profit Delaware corporation and self-regulatory organization ("SRO") that, subject to oversight by the Securities and Exchange Commission ("SEC"), determines the qualifications of broker-dealer firms and individual stockbrokers seeking to enter the industry, imposes binding rules that govern FINRA members, and "enforce[s] compliance by its members" with those same rules and regulations. [Asquith Dec. at ¶ 3.] FINRA has 16 offices throughout the United States and employs approximately 3,600 employees. [*See id*. at ¶¶ 5–6.] None of those offices or employees are in Arizona. [*See id*.] There are 71 hearing venues at which FINRA members may arbitrate disputes. [*Id*. at ¶ 7.] Only one of those venues is in Arizona, and it is at a location that is not owned by FINRA. [*Id*.] Approximately 3,700 broker-dealer firms are currently under FINRA's supervision, but only 29 of those firms (≈ 0.8%) are headquartered in Arizona. [*See id*. at ¶ 8.] FINRA has no mailing address or telephone numbers in Arizona and owns no real estate in Arizona. [*See id*. at ¶¶ 9–10.]

FINRA is a nationwide regulator of broker-dealer firms. [*See id*. at ¶¶ 3–8.] As the Supreme Court made plain in *Daimler*, "[a] corporation that operates in many places can scarcely be deemed at home in all of them." *See id*. at 766 n.20. FINRA is not "essentially at home" in Arizona, thus this Court lacks general personal jurisdiction over it. *See id*., 134 S. Ct. at 761.

    **2.**    <u>**FINRA's Statements In A Prior Case Do Not Confer General Personal Jurisdiction In This Case**</u>**.**

Plaintiff has failed to identify a single jurisdictional contact FINRA purportedly has with the State of Arizona, let alone sufficient jurisdictional contacts to demonstrate that FINRA is "essentially at home" in Arizona. *See Daimler*, 134 S. Ct. at 761.

Plaintiff's argument that this Court may nevertheless exercise general personal jurisdiction over FINRA because FINRA purportedly "acknowledged" in District of Arizona Case No. CV-14-02490-PHX-ROS (the "Hurry Action") "that it is subject to general jurisdiction in Arizona" is without merit for three reasons. [*See* Plaintiff's Motion to Enforce Subpoena (Doc. 1) at 2, ¶ 5.]

First, FINRA did not admit in the Hurry Action that it was specifically subject to general personal jurisdiction in Arizona. [*See id.*, Ex. 2 (Doc. 1-2) at ¶ 48 (FINRA stated in its Answer that "FINRA and Andersen admit that this Court has jurisdiction over the parties.")]; *see also Jonibach Mgmt. Trust v. Wartburg Enters., Inc.*, 750 F.3d 486, 491 n.2 (5th Cir. 2014) ("To qualify as a judicial admission, the statement must be . . . deliberate, clear, and unequivocal . . . ."). Personal jurisdiction over FINRA in the Hurry Action was not based on **general** personal jurisdiction, but instead was based on **specific** personal jurisdiction because the claims at issue in that case arose out of FINRA's on-site investigation of a FINRA member in Scottsdale, Arizona. [*See* Plaintiff's Motion to Enforce Subpoena, Ex. 1 (Doc. 1-1) at ¶ 72 ("On the morning of November 12, 2012, staff members representing FINRA's Departments of Member Regulation and Enforcement commenced FINRA Matter No. 20120327319 with a surprise onsite examination of SCA at its headquarters in Suite 6 of the Scottsdale Professional Plaza.").]

Second, even assuming the truth of plaintiff's erroneous interpretation of FINRA's statements in the Hurry Action, it is beyond dispute that a judicial admission in the Hurry Action is not binding on FINRA in this case. *See Casa Del Caffe Vergnano S.P.A. v. Italflavors San Diego, LLC*, 816 F.3d 1208, 1213 (9th Cir. 2016) (the "doctrine [of judicial admissions] is inapplicable because the alleged admission was made in a separate case from the present action.") (citations omitted); *Kohler v. Leslie Hindman, Inc.*, 80 F.3d 1181, 1185 (7th Cir. 1996) ("a statement made in one lawsuit cannot be a judicial admission in another"); *Universal Am. Barge Corp. v. J-Chem, Inc.*, 946 F.2d 1131, 1142 (5th Cir. 1991) ("judicial admissions are not conclusive and binding in a separate case from the one in which the admissions were made"); *United States v. Raphelson*, 802 F.2d

588, 592 (1st Cir. 1986) ("a pleading in one case is not a conclusive judicial admission in a later one"); *State Farm Mut. Auto. Ins. Co. v. Worthington*, 405 F.2d 683, 686 (8th Cir. 1968) ("judicial admissions are binding for the purpose of the case in which the admissions are made including appeals. This does not make the same judicial admissions conclusive and binding in separate and subsequent cases.").

Third, consent to personal jurisdiction in one action does not amount to consent to personal jurisdiction in another action. *See Cheatham v. ADT Corp.*, 161 F. Supp. 3d 815, 824 (D. Ariz. 2016) ("a party's consent to jurisdiction in one case extends to that case alone.") (internal quotations and alterations omitted). That is particularly true where, as is the case here, the plaintiffs in the two actions are not the same.[1] *See Dow Chem. Co. v. Calderon*, 422 F.3d 827, 835 (9th Cir. 2005) ("[W]e hold that defense on the merits in a suit brought by one party cannot constitute consent to suit as a defendant brought by different parties."); *see also Am Trust v. UBS AG*, 681 Fed. Appx. 587, 589 (9th Cir. 2017) (unpublished) (finding "nothing to support [the] contention that any consent [defendant] may have given to personal jurisdiction . . . in other cases would amount to consent to personal jurisdiction in this case.") (citing *Dow*, 422 F.3d at 835).

Plaintiff's reliance on statements in the Hurry Action as the sole basis for exercising general personal jurisdiction over FINRA is misplaced, and plaintiff's motion should be denied for that reason alone.

### B. There Is No Specific Personal Jurisdiction Over FINRA Here.

Plaintiff does not contend in its motion to enforce the Subpoena that this Court can exercise specific personal jurisdiction over FINRA. [*See generally* Plaintiff's Motion to Enforce Subpoena (Doc. 1).] Any such argument is therefore waived. *See, e.g.*, *Nisqually Indian Tribe v. Gregoire*, 623 F.3d 923, 928 n.6 (9th Cir. 2010) (an argument not raised in the opening brief is waived). Additionally, there is no specific personal jurisdiction over FINRA here.

---

[1] Plaintiff Scottsdale Capital Advisors Incorporated was not a party to the Hurry Action. [*See* Plaintiff's Motion to Enforce Subpoena, Ex. 1 (Doc. 1-1) at 1–2.]

In the Ninth Circuit, specific personal jurisdiction may be exercised over a non-resident, "only when three requirements are satisfied: (1) the defendant either purposefully directs its activities or purposefully avails itself of the benefits afforded by the forum's laws; (2) the claim arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice, i.e., it is reasonable." *Williams v. Yamaha Motor Co., Ltd.*, 851 F.3d 1015, 1023 (9th Cir. 2017). "The plaintiff has the burden of proving the first two prongs," which burden plaintiff has not and cannot carry here. *Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015).

Indeed, FINRA has not availed itself of the benefits afforded by Arizona's laws. Rather, it regulates plaintiff pursuant to authority granted by the Maloney Act of 1938, 15 U.S.C. §§ 78o-3, *et seq.*, amending the Securities Exchange Act of 1934, SEC rules, and FINRA's own rules. That FINRA may have communicated with an Arizona resident is irrelevant to the jurisdictional analysis because "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014); *see also McNair v. Seven Arts Entm't Inc.*, 2017 U.S. Dist. LEXIS 211432, *6 (D. Ariz. July 3, 2017) (Humetewa, J.) ("[T]he minimum contacts inquiry focuses on the Defendant's contacts with the forum, not his contacts with people who happen to reside in the forum."). Additionally, the Arbitration does not arise out of FINRA's forum-related activities, as is required to exercise specific personal jurisdiction over FINRA. Rather, according to the plaintiff's own complaint, the Arbitration arises out of its former employee's "two-pronged scheme to destroy [plaintiff] and abscond with its clients using [plaintiff's] confidential information." [*See* Plaintiff's Complaint in Maricopa County Superior Court Case No. CV2017-005018 at ¶ 3, attached hereto as **Exhibit B**.][2]

Thus even in the absence of plaintiff's waiver, there is no basis to exercise specific personal jurisdiction over FINRA here.

---

[2] Plaintiff's complaint in Maricopa County Superior Court Case No. CV2017-005018 was compelled to arbitration and forms the basis of the Arbitration in which the Subpoena was issued.

## II. The Subpoena Does Not Comply With Federal Rule Of Civil Procedure 45.

A second independent reason for denying plaintiff's motion to enforce the Subpoena (Doc. 1) is that its requirement that FINRA appear in Scottsdale, Arizona is contrary to the limitations set forth in Federal Rule of Civil Procedure 45 ("Rule 45"). Pursuant to Rule 45, a person may only be commanded to attend a trial, hearing, or deposition as follows:

"(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense."

*See* Fed. R. Civ. P. 45(c)(1). The Subpoena, as modified by the Panel's order dated May 8, 2018, requests the appearance and testimony in Scottsdale, Arizona of FINRA witness(es) that were party to "communications between FINRA and Miller relating to Claimant." [*See* Plaintiff's Motion to Enforce Subpoena at Ex. 5 (Doc. 1-5); *see also id.* at Ex. 8 (Doc. 1-8), p. 4.] No FINRA witness meeting that criteria "resides, is employed, or regularly transacts business in person" within 100 miles of Scottsdale or in the state of Arizona. [*See* Asquith Dec. at ¶ 11.] Such witnesses therefore cannot, consistent with the protections of Rule 45, be compelled to come to Arizona to testify.

## III. The Arbitration Panel Lacks The Authority To Require FINRA To Produce Documents Outside A Hearing.

Plaintiff's request that this Court order FINRA to "provide all responsive documents *forthwith*" should also be denied. [*See* Plaintiff's Motion to Enforce Subpoena (Doc. 1) at 4, ¶ 12(a) (emphasis added).] As a threshold issue, the Subpoena plaintiff seeks to enforce does not require FINRA to produce documents "forthwith." Instead, it requests only that FINRA bring responsive documents when and if FINRA appears at the hearing in the Arbitration. [*See id.* at Ex. 5 (Doc. 1-5), p. 2 ("You, or your

- 8 -

representatives, must also **bring with you** the documents, electronically stored information, or objects set forth in Attachment B.") (emphasis added).]

Furthermore, any order of the Panel purporting to require FINRA to produce documents outside a hearing exceeds the Panel's authority under the FAA and is therefore unenforceable. *See CVS Health Corp. v. Vividus, LLC*, 878 F.3d 703, 708 (9th Cir. 2017) ("We hold that section 7 of the FAA does not grant arbitrators the power to order third parties to produce documents prior to an arbitration hearing."); *see also* 9 U.S.C. § 7 ("The arbitrators . . . may summon in writing any person to attend before them or any of them as a witness and in a proper case **to bring with him or them** any book, record, document, or paper which may be deemed material as evidence in the case.") (emphasis added).

## CONCLUSION

For the foregoing reasons, plaintiff's motion to enforce the Subpoena (Doc. 1) should be denied.

RESPECTFULLY SUBMITTED this 21st day of June, 2018.

*/s/ Gregory A. Davis*
Gregory A. Davis
Gregory Schneider
SQUIRE PATTON BOGGS (US) LLP
One East Washington Street, Suite 2700
Phoenix, Arizona 85004
Attorneys for Defendant Financial Industry Regulatory Authority, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 21, 2018, I electronically filed the foregoing document with the Court using the CM/ECF System for filing and service on plaintiff as listed below:

Charles J. Harder
Dilan A. Esper
Jordan Susman
Harder LLP
132 S Rodeo Drive, Fourth Floor
Beverly Hills, California 90067
Attorneys for Plaintiff Scottsdale Capital Advisors Incorporated

*/s/ Betty Rios*