Charles J. Harder  (*pro hac vice* to be filed)
Dilan A. Esper (*pro hac vice* to be filed)
Jordan Susman (*pro hac vice* to be filed)
HARDER LLP.
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, California 90067
Telephone:  (424) 203-1600
E-mail:  CHarder@harderllp.com
         DEsper@harderllp.com
         JSusman@harderllp.com

Attorneys for Petitioner Scottsdale Capital Advisors, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| *In re Matter of:*<br><br>Scottsdale Capital Advisors, Inc., an Arizona corporation,<br><br>          Claimant,<br>     v.<br><br>Eric Miller,<br>          Respondent.<br><br>FINRA Arbitration no.: 17-01765<br><br>Scottsdale Capital Advisors, Inc., an Arizona corporation,<br><br>          Petitioner,<br>     v.<br><br>Financial Industry Regulatory Authority, Inc.,<br>          Respondent. | Case No. MC-18-00035-PHX-GMS<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF REPLY OF SCOTTSDALE CAPITAL ADVISORS, INC. IN SUPPORT OF MOTION TO ENFORCE SUBPOENA IN ARBITRATION & REQUEST FOR CONTEMPT SANCTIONS** |

{00093079;1}                         -1-
REQUEST FOR JUDICIAL NOTICE

Petitioner Scottsdale Capital Advisors, Inc. ("SCA") respectfully requests, pursuant to Rule 201 of the Federal Rules of Evidence, that the Court take judicial notice of the records attached as exhibits to the concurrently filed Declaration of Jordan Susman ("Susman Declaration").  These records consist of printouts of business entity profiles for Financial Industry Regulatory Authority, Inc. and FINRA Regulation, Inc. from the Arizona Corporation Commission's website located at www.azcc.gov (the "Records"):

1. Exhibit 1 to the Susman Declaration: Printout of business entity profile for Financial Industry Regulatory Authority, Inc., which is publically available on the Arizona Corporation Commission's website.

2. Exhibit 2 to the Susman Declaration: Printout of business entity profile for FINRA Regulation, Inc., which is publically available on the Arizona Corporation Commission's website.

The Records are not subject to reasonable dispute because they are public records and government documents available on a government website, and as such are generally known within the territorial jurisdiction of the trial court, and capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).

"It is not uncommon for courts to take judicial notice of factual information found on the world wide web." *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007). This is particularly true of information on government agency websites, which have often been treated as proper subjects for judicial notice. *See*, *e.g.*, *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005) (taking judicial notice of approval by the National Mediation Board published on the agency's website); *Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005) (per curiam) (taking judicial notice of Texas agency's website); *Denius v. Dunlap*, 330 F.3d 919, 926-27 (7th Cir. 2003) (taking judicial notice of information on official government website); *In re Wellbutrin SR/Zyban Antitrust Litig.*, 281 F. Supp. 2d 751, 754 n. 2 (E.D. Pa. 2003) (taking judicial notice of

the Food and Drug Administration's list of new and approved drugs); *United States ex rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003) ("Public records and government documents are generally considered not to be subject to reasonable dispute.... This includes public records and government documents available from reliable sources on the Internet."); *Cali v. E. Coast Aviation Servs., Ltd.*, 178 F. Supp. 2d 276, 287 n. 6 (E.D.N.Y. 2001) (taking judicial notice of documents from Pennsylvania state agencies and Federal Aviation Administration); *In re Agribiotech Sec. Litig.*, No. CV-S-990144 PMP (LRL), slip op., 2000 WL 35595963, *2 (D. Nev. Mar. 2, 2000) ("In this new technological age, official government or company documents may be judicially noticed insofar as they are available via the worldwide web").

The Court can take judicial notice of "[p]ublic records and government documents available from reliable sources on the Internet," such as websites run by governmental agencies. *See Hansen Beverage Co. v. Innovation Ventures*, LLC, No. 08–CV–1166–IEG, 2009 WL 6597891, *1 (S.D. Cal. Dec. 23, 2009) (citing *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999)); *see also Daniels–Hall v. National Education Association*, 629 F.3d 992, 999 (9th Cir. 2010) (taking judicial notice of information on the websites of two school districts because they were government entities); *Paralyzed Veterans of Am. v. McPherson*, No. C 06–4670, 2008 WL 4183981, *5 (N.D. Cal. Sept. 8, 2008) ("Information *1034 on government agency websites has often been treated as properly subject to judicial notice").

Accordingly, this Court may take judicial notice of the Records. *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033–34 (C.D. Cal. 2015) (taking judicial notice of business entity profiles on California Secretary of State's website).

1 | DATED this 28th day of June 2018.

HARDER LLP

By: /s/ Jordan Susman

Charles J. Harder
Dilan A. Esper
Jordan Susman
HARDER LLP
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, California 90212

Attorneys for Petitioner