1  Gregory A. Davis (No. 025976) gregory.davis@squirepb.com
2  Gregory Schneider (No. 029660) gregory.schneider@squirepb.com
   SQUIRE PATTON BOGGS (US) LLP
3  One East Washington Street, Suite 2700
   Phoenix, Arizona 85004
4  Telephone: (602) 528-4000
5  Facsimile: (602) 253-8129
   Attorneys for Defendant Financial Industry Regulatory Authority, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scottsdale Capital Advisors Incorporated, | Case No. MC-18-00035-PHX-GMS |
| Plaintiff, | |
| v. | **FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S MOTION TO STRIKE** |
| Financial Industry Regulatory Authority, Inc., | |
| Defendant. | **OR IN THE ALTERNATIVE** |
| | **MOTION FOR LEAVE TO FILE SUR-REPLY** |

Plaintiff's *Reply In Support Of Motion To Enforce Subpoena In Arbitration & Request For Contempt Sanctions* (Doc. 9) (the "Reply") should be stricken in its entirety because Judge Humetewa expressly ordered that "[n]o reply will be permitted." [*See* Order dated June 15, 2018 (Doc. 4) at 1]; LRCiv 7.2(m) (authorizing a motion to strike "any part of a filing or submission on the ground that it is prohibited (or not authorized) by a . . . court order.").

Plaintiff contends that filing the Reply was "necessary." [*See* Reply (Doc. 9) at 2 fn.1.] But plaintiff's opinion regarding the necessity of a filing is neither justification for disregarding Judge Humetewa's order, nor is it a substitute for seeking leave of the Court before filing the Reply. The inference underlying plaintiff's supposed necessity—that

- 1 -

1  prior to filing its opposition in this Court (Doc. 5) Financial Industry Regulatory
2  Authority, Inc. ("FINRA") was obligated to explain each and every way in which the
3  subpoena was deficient—is also contrary to law. *See COMSAT Corp. v. NSF*, 190 F.3d
4  269, 276 (4th Cir. 1999) ("[O]nce subpoenaed by an arbitrator the recipient is under no
5  obligation to move to quash the subpoena. . . . The FAA imposes no requirement that a
6  subpoenaed party file a petition to quash or otherwise challenge the subpoena; the Act's
7  only mechanism for obtaining federal court review is the petition to compel.").
8  Additionally, the fact that Judge Humetewa no longer presides over this matter does not
9  transform her binding order into a mere recommendation that plaintiff is free to disregard
10 whenever it believes doing so would be helpful to its case.

11        The Reply should not be considered for the additional reason that it is replete with
12 arguments that plaintiff did not raise in its Motion to Enforce Subpoena (Doc. 1) (the
13 "Motion"). *See Dillon v. Arizona*, 2008 U.S. Dist. LEXIS 111345, at **16–17 n.8 (D.
14 Ariz. Oct. 17, 2008) (Snow, J.) ("It is improper, however, for a court to consider issues
15 raised for the first time in a reply for the obvious reason that the opposing party has no
16 opportunity to address those issues."). Plaintiff's Motion was based entirely on the single
17 erroneous argument that this Court could exercise general personal jurisdiction over
18 FINRA because FINRA purportedly "acknowledged" in District of Arizona Case No. CV-
19 14-02490-PHX-ROS (the "Hurry Action") "that it is subject to general jurisdiction in
20 Arizona." [*See* Motion (Doc. 1) at 2, ¶ 5.] The Reply, in contrast, contains numerous
21 additional arguments regarding plaintiff's request for enforcement of the arbitration
22 subpoena, including the following non-exhaustive list of erroneous statements of law and
23 fact to which FINRA has not had the opportunity to respond:

24     • "By appointing an agent for service of process to do business in a state,
25 FINRA expressly consented to general personal jurisdiction without any need for a
26 minimum contacts analysis." [Reply (Doc. 9) at 6.]

27     • "FINRA has had full and fair opportunity to present its opposing argument
28 on [the] issue" of specific, as opposed to general, personal jurisdiction. [*See id*. at 8.]

- "FINRA has directed activities toward Arizona and availed itself of the benefits afforded by Arizona's law." [*Id.*]
- FINRA "arbitrates disputes in Arizona." [*Id.* at 9.]
- "The Arizona Arbitration concerns SCA's claims against Eric Miller, a former employee in Phoenix, who illegally shared confidential information, made false statements to FINRA, encouraged FINRA to harass and intimidate SCA, and encouraged FINRA to block a pending acquisition of another broker dealer by SCA's president John Hurry—all of which FINRA did." [*Id.*]
- The seven reasonableness factors that courts evaluate when determining whether the exercise of specific personal jurisdiction comports with fair play and substantial justice "weigh heavily in favor of asserting specific personal jurisdiction" here. [*Id.*]
- "[I]t is not unduly burdensome for FINRA to appear or produce documents." [*Id.*]
- It is an "absurd result that FAA, Section 7 authorizes issuance of some subpoenas that cannot be enforced." [*Id.* at 10 fn.4.]
- "FRCP 45's geographic limits apply only to subpoenas issued by district courts . . . ." [*Id.* at 10.]
- This Court can follow *In re Sec. Life Ins. Co. of Am.*, 228 F.3d 865 (8th Cir. 2000) and conclude that "the Arizona Arbitration Panel has authority to order FINRA to produce documents before or separate from appearing to testify at the arbitration hearing" despite the Ninth Circuit Court of Appeals in *CVS Health Corp. v. Vividus, LLC*, 878 F.3d 703 (9th Cir 2017) having reached the opposite conclusion. *See CVS Health Corp.*, 878 F.3d at 708 ("We hold that section 7 of the FAA does not grant arbitrators the power to order third parties to produce documents prior to an arbitration hearing.").
- Consistent with the Federal Arbitration Act ("FAA"), 9 U.S.C. § 7, an arbitration panel sitting in Arizona has the power to compel a non-party in Washington D.C. to appear remotely and give testimony. [*See* Reply (Doc. 9) at 3, 4.]

- The Court may unilaterally modify the arbitration panel's subpoena regarding the location and manner that FINRA must appear and give testimony, and then enforce that subpoena as modified. [*Compare* Reply (Doc. 9) at 4 *to* Plaintiff's Motion to Enforce Subpoena at Ex. 5 (Doc. 1-5).]

## CONCLUSION

For the foregoing reasons, the Reply should be stricken in its entirety and the Motion should be resolved—as Judge Humetewa ordered—by considering only the Motion (Doc. 1) and FINRA's response thereto (Doc. 5). To the extent the Court believes it is helpful and appropriate to consider plaintiff's newly-raised arguments, then FINRA respectfully requests that FINRA be given leave to file a sur-reply.

RESPECTFULLY SUBMITTED this 29th day of June, 2018.

*/s/ Gregory A. Davis*
Gregory A. Davis
Gregory Schneider
SQUIRE PATTON BOGGS (US) LLP
One East Washington Street, Suite 2700
Phoenix, Arizona 85004
Attorneys for Defendant Financial Industry Regulatory Authority, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2018, I electronically filed the foregoing document with the Court using the CM/ECF System for filing and service on plaintiff as listed below:

>Charles J. Harder
>Dilan A. Esper
>Jordan Susman
>Harder LLP
>132 S Rodeo Drive, Fourth Floor
>Beverly Hills, California 90067
>Attorneys for Plaintiff Scottsdale
>Capital Advisors Incorporated

*/s/ Sara Ramirez*