1 **WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scottsdale Capital Advisors Incorporated, | No. MC-18-00035-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Financial Industry Regulatory Authority Incorporated, | |
| Defendant. | |

Pending before this Court is the Claimant's Notice of Motion and Motion to Enforce Subpoena in Arbitration and Request for Contempt Sanctions (Doc. 1). That motion is denied.

On April 4, 2018, the Arizona FINRA Arbitration Panel issued a subpoena to FINRA which was personally served. The subpoena called both for On May 1, 2018, the Arizona Arbitration Panel ordered FINRA to immediately produce certain documents responsive to the subpoena. On May 8, 2018, the Arizona Arbitration Panel ordered FINRA to appear as a witness in the Arizona Arbitration. FINRA has refused to comply with either order.

In this Circuit, the arbitration panel has no power to grant document discovery from third parties other than at a hearing. *CVS Health Corporation v. Vividus, LLC,* 878 F.3d 703, 708 (9th Cir. 2017). The Court therefore declines to enforce the subpoena to the extent that the May 1 order requires the non-party to provide pre-hearing document discovery.

/ / /

The Court further declines to enforce the subpoena to the extent that the May 8, 2018 order of the arbitration panel would require FINRA witness(es) that were party to "communications between FINRA and Miller relating to Claimant" to appear as a witness at an arbitration hearing in Scottsdale.

Fed. R. Civ. P. 45(c)(1)(A) specifies that "a subpoena may command a person to attend a . . . hearing only . . . within 100 miles of where the person resides, is employed, or regularly transacts business." Defendant objects that no FINRA witness meeting the criteria set forth in the subpoena "resides, is employed or regularly transacts business within 100 miles of Scottsdale or the state of Arizona." Plaintiff does not assert otherwise, nor does it make any argument in its Reply that it has the authority to compel the attendance of such witnesses at arbitration.[1]

**IT IS THEREFORE ORDERED** that the Motion to Enforce Subpoena and for Sanctions (Doc. 1) is denied.

**IT IS FURTHER ORDERED** that Counsel for Claimant shall show cause by **July 13**, **2018** why this Court should not schedule a hearing to sanction counsel pursuant to the footnote below.

Dated this 3rd day of July, 2018.

*G. Murray Snow*
Honorable G. Murray Snow
United States District Judge

---

[1] The Court had previously instructed that no Reply was to be filed. Claimant nevertheless filed a Reply without receiving leave of Court to do so. In that Reply Plaintiff relied on various authorities from outside this Circuit for the proposition that this Court could enforce the panel's subpoena for a production of documents prior to the hearing. Counsel nevertheless failed to cite the binding Ninth Circuit authority *CVS Health Corporation v. Vividus, LLC,* 878 F.3d 703, 708 (9th Cir. 2017) which appears to be directly adverse to the authorities cited by Claimant. This appears to violate ER 3.3(a)(2) of the Arizona Rules of Professional Conduct. These rules govern the conduct of attorneys appearing before this Court. L.R. Civ. 83.2(e). This Court thus orders that counsel for Claimant, no later than July 13, shall file an explanation with the Court not to exceed five pages, why it should not schedule a disciplinary hearing pursuant to LRCiv. 83.2(a).