HARDER LLP
Charles J. Harder (*pro hac vice* to be filed)
Dilan A. Esper (*pro hac vice* to be filed)
Jordan Susman (*pro hac vice* to be filed)
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, California 90067
Telephone: (424) 203-1600
E-mail: CHarder@HarderLLP.com
 DEsper@HarderLLP.com
 JSusman@HarderLLP.com

Attorneys for Petitioner
SCOTTSDALE CAPITAL ADVISORS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| *In re Matter of:* <br><br> SCOTTSDALE CAPITAL ADVISORS, INC. an Arizona corporation, <br><br>          Claimant, <br>   v. <br><br> ERIC MILLER, <br>          Respondent. <br><br> FINRA Arbitration no.: 17-01765 <br><hr> SCOTTSDALE CAPITAL ADVISORS, INC. an Arizona corporation, <br><br>          Petitioner, <br>   v. <br><br> FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC., <br><br>          Respondent. | Case No. MC-18-00035-PHX-GMS <br><br> **COUNSEL FOR SCOTTSDALE CAPITAL ADVISORS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES EXPLAINING WHY THE COURT SHOULD NOT SCHEDULE OSC RE SANCTIONS** |

Harder LLP, counsel ("Counsel") for Scottsdale Capital Advisors, Inc. ("SCA"), hereby submits this Memorandum of Points and Authorities explaining why the Court should not schedule an order to show cause hearing to sanction Counsel.

## I.    INTRODUCTION

In its order dated July 3, 2018 ("Order"), the Court stated that Counsel's failure to cite *CVS Health Corp. v. Vividus, LLC*, 878 F.3d 703, 708 (9th Cir. 2017) in SCA's Reply appears to violate ER 3.3(a)(2) of the Arizona Rules of Professional Conduct ("ER 3.3(a)(2)"). Respectfully, Counsel's failure to cite *CVS Health* in the Reply does not violate ER 3.3(a)(2) for two reasons.

First, *CVS Health* is inapposite, and therefore not binding authority, because it concerned a subpoena issued by an arbitration panel to produce documents prior to an arbitration hearing. *See CVS Health Corp.*, 878 F.3d at 705. Here, the Subpoena to FINRA commanded FINRA to testify at the arbitration hearing and to produce documents at the hearing. (Dkt. 1-5). Moreover, SCA brought its Motion to Compel Compliance with the Subpoena after the arbitration had commenced and the Arizona Arbitration Panel had issued orders compelling FINRA's compliance with the Subpoena. (Dkt. 1-8). Because the Subpoena here concerned FINRA's appearance and production of documents at an arbitration hearing, *CVS Health* is not controlling authority.

Second, ER 3.3(a)(2) concerns an attorney's failure to disclose legal authority "not disclosed by opposing counsel." Here, FINRA was aware of the *CVS Health* case and cited to that case in its Response brief. (Dkt. 5). Consequently, Counsel's failure to cite *CVS Health* in SCA's papers does not violate ER 3.3(a)(2).

## II.    EXPLANATION

ER 3.3(a)(2) provides: "A lawyer shall not knowingly: . . fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel." Thus, a violation of ER 3.3(a)(2) consists of two parts: (1) failing to disclose directly adverse
///

authority, **and** (2) the authority must not have been disclosed by opposing counsel. Counsel's failure to cite *CVS Health* in SCA's Reply satisfies neither of these elements because (1) *CVS Health* is not directly adverse authority and (2) FINRA cited to *CVS Health* in its Response brief.

### A. *CVS Health* Is Not Controlling Authority

*CVS Health* concerned a subpoena issued by an arbitration panel directing a third party to produce certain documents **prior to** an arbitration hearing. *CVS Health Corp.*, 878 F.3d at 705. Upon a petition to compel the third party's compliance with the subpoena, "[t]he district court concluded that section 7 of the FAA, 9 U.S.C. § 7, does not confer upon an arbitrator authority to compel **pre-hearing** document **discovery** from a non-party to the arbitration outside the presence of an arbitrator. Instead, the district court ruled that the statute's text only allows an arbitrator to summon testimony and documents from a non-party during a hearing." *Id.* at 705-06 (emphasis added). The Ninth Circuit Court of Appeals affirmed. *Id.* at 708.

*CVS Health* is not controlling authority for at least two independent reasons:

First, *CVS Health* is inapposite because the Subpoena issued by the Arizona Arbitration Panel commanded FINRA **to appear at the arbitration hearing** and bring documents to the arbitration hearing. (Dkt. 1-5). The Subpoena is entitled "Subpoena to Testify at Arbitration and to Produce Documents", and it states "YOU ARE COMMANDED to appear in a FINRA Arbitration at the time, date, and place set forth below to testify at an arbitration. . . . You, or your representatives, must also bring with you the documents, electronically stored information, or objects set forth in Attachment B." (*Id.*) Unlike the petitioner in *CVS Health*, SCA's Subpoena was not trying compel **pre-hearing discovery**, but rather testimony and documents at the arbitration hearing itself.

Second, the Arizona Arbitration Panel issued two orders regarding FINRA's non-compliance with the Subpoena, the second of which was issued **after the arbitration**

/ / /

**hearing had already commenced**. (Dkt. 1-8). Consequently, the Court's concern that SCA asked the Court to enforce the Subpoena "prior to the hearing" (Dkt. 11 at 2:24-25) is mistaken. SCA waited until the arbitration had commenced, and the Arizona Arbitration Panel issued its orders, before SCA brought its Motion to Compel. This case is thus a different situation than the petitioner in *CVS Health*, who brought a motion to compel **pre-hearing discovery** from a third party.

Based on the foregoing, *CVS Health* is inapposite, and Counsel did not have an obligation to cite it in SCA's Motion or Reply papers.

### B. Opposing Counsel Previously Disclosed *CVS Health*

A violation of ER 3.3(a)(2) can only occur when opposing counsel did not already disclose the adverse legal authority. "The underlying concept is that legal argument is a discussion seeking to determine the legal premises properly applicable to the case." Editor's Notes, Rules of Prof. Conduct, ER 3.3 (2003 Ed.).

Here, FINRA disclosed *CVS Health* in its Response brief. (Dkt. 5 at ¶ 9:5-7) ("*CVS Health Corp. v. Vividus, LLC*, 878 F.3d 703, 708 (9th Cir. 2017) ('We hold that section 7 of the FAA does not grant arbitrators the power to order third parties to produce documents prior to an arbitration hearing.')". Therefore, Counsel did not violate ER 3.3(a)(2) because FINRA cited *CVS Health* in its Response brief.

### C. Counsel Are Attorneys In Good Standing

Attorney Jordan Susman of Harder LLP drafted and submitted the Motion and Reply briefs at issue, on behalf of SCA. Mr. Susman is a 1989 graduate of the University of California, Berkeley, and a 2006 graduate of Loyola Law School, Los Angeles. Mr. Susman has been a member in good standing of the California bar since December 2006, and is licensed to practice before the United States District Courts for the Northern, Eastern, Southern, and Central Districts of California. He has previously been admitted to practice *pro hac vice* in the Federal District Courts for the Districts of Arizona, New

///

///

Hampshire, and the Southern District of New York. Mr. Susman was selected as a Southern California "Rising Star" by Super Lawyers in 2013-2016, and a "Super Lawyer" in both 2017 and 2018. Mr. Susman has never been disciplined or the subject of any disciplinary proceeding in his career. Mr. Susman takes the rules of professional ethics very seriously, and is committed to abiding by such rules.

Charles J. Harder is a partner of Harder LLP and was not involved in any aspect of the Motion or Reply at issue. Mr. Harder has been practicing law for more than 21 years and is a member in good standing of the California, New York and District of Columbia bars. He has never been disciplined by any bars. He has been admitted *pro hac vice* to state and federal courts located in many other states including Arizona, Nevada, Texas, Florida, Illinois, Indiana, Massachusetts, Minnesota and Maryland, among others. Mr. Harder was named "California Lawyer of the Year" in Media in March 2017 by *California Lawyer* magazine; he was listed as one of the Top 100 Lawyers in California in 2017 by *Daily Journal* newspaper; he has been listed as one of the Top 100 "Power Lawyers" in America by *The Hollywood Reporter* in four different years between 2012 and 2017, and he is listed as a "Super Lawyer" by Thomson Reuters. Mr. Harder also serves as Editor and Co-Author of the law treatise *Entertainment Law and Litigation* (LexisNexis 2011-2018).

Dilan Esper is Of Counsel to Harder LLP and was not involved in any aspect of the Motion or Reply at issue. Mr. Esper has been practicing law for more than 22 years, is a member in good standing of the California state bar, and has never been disciplined by the California State Bar.

Harder LLP is a small law firm of approximately eight full-time attorneys, a few part-time attorneys, and a few non-attorney staff members, founded in 2013, and based in Southern California.

/ / /

/ / /

/ / /

### III. CONCLUSION

For all of the reasons stated herein, Counsel respectfully requests that the Court not schedule a disciplinary hearing pursuant to LR Civ. 83.2(a).

DATED this 10th day of July 2018.

HARDER LLP

By: */s/ Jordan Susman*

Attorneys for Petitioner
SCOTTSDALE CAPITAL ADVISORS, INC.